CARRASQUILLO ET AL., DEMANDANTES Y APELANTES, *v.* BERTRÁN CARRASQUILLO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre inexistencia de contrato y reivindicación de inmuebles.

No. 1690—Resuelto en julio 15, 1918.

CONTRATO NULO—PARTICIÓN DE HERENCIA—CONVALIDACIÓN DEL CONTRATO.—La, adjudicación de los bienes inmuebles de un menor hecha en una partición a otro heredero o persona extraña para que se encarguen del pago de las deudas hereditarias, sin haber obtenido antes autorización del juez competente para ello, nula de acuerdo con la jurisprudencia establecida en el caso de *Longpré v. Díaz*, 237 U. S. 512, puede ser convalidada, confirmada o reconocida, o dársele vida legal por vez primera, por el menor, cuando éste goza de la plena capacidad que le otorga su mayoría de edad.

RATIFICACIÓN DE CONTRATO—FALTA DE AUTORIZACIÓN JUDICIAL.—La ratificación o confirmación de un contrato hecha por la persona en cuyo nombre se hubiese celebrado por un tercero sin poderes para celebrarlo, convalida el contrato desde el momento de su celebración. La falta de autorización judicial en los contratos celebrados a nombre de los menores de edad, que exigen dicho requisito, queda subsanada cuando el menor interesado en el contrato siendo mayor de edad, lo ratifica expresa o tácitamente, reconociendo su firmeza o validez.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel Tous Soto.*

Abogado de los apelados: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 9 de julio de 1895 falleció en Humacao don Manuel María Carrasquillo, dejando como herederos a sus hijos legítimos Víctor, Librada Margarita y Josefa Carrasquillo e Iraris, y Caracciolo, Julián, Manuel, Luis, Monserrate, Carmen y Modesta Carrasquillo y Martínez, a su hijo natural Manuel Carrasquillo Peña, y a su viuda Carmen Martínez. En 1896 se practicaron las operaciones divisorias del caudal relicto por el dicho señor Carrasquillo, habiéndose adjudicado a don Juan Bertrán, causante de los demandados, varias fincas en pago de cierto crédito que tenía contra Carrasquillo y para que se encargara de pagar las deudas de la herencia.

Cuando tal adjudicación se llevó·a efecto los herederos Caracciolo, Julián, Manuel, Luis, Monserrate, Carmen y Modesta Carrasquillo y Martínez eran menores de edad y como no se obtuvo autorización judicial para realizar tal acto, los demandantes sostienen que la partición es nula.

Tal es, en resumen, la demanda. Los demandados aceptan que la adjudicación era nula en cuanto a los herederos menores de edad, pero sostienen que fué convalidada por dichos herederos, siendo ya mayores, con excepción de Modesta Carrasquillo y Martínez. ·

La corte de distrito falló el pleito ordenando que se practicara una nueva división de los bienes adjudicados a Bertrán para pago de deudas, debiendo considerarse·a los demandados, herederos de Bertrán, como derecho habientes de los herederos de Carrasquillo, con excepción de Modesta, a quien se haría entrega de la parte proporcional de su haber hereditario. Prácticamente la sentencia declara sin lugar la demanda en cuanto a todos los demandantes con excepción de Modesta Carrasquillo y Martínez. Los demandantes· interpusieron entonces el presente recurso ·de apelación.

Los apelantes sostienen en primer lugar que la adjudicación no pudo ser convalidada, por tratarse de un contrato que jamás tuvo existencia de acuerdo con la ley; en segundo lugar, que la prueba de la convalidación no es bastante, y en tercero que la viuda Carmen Martínez jamás renunció los derechos que le correspondían por virtud de la muerte de su hijo menor Luis.

La cuestión de la confirmación de los contratos nulos fué estudiada ampliamente en el caso de *Ledesma et al.* v. *Agrait et al.,* 19 D. P. R. 566. A nuestro juicio es claro que la adjudicación de los bienes de un menor hecha en una partición a otro heredero o persona extraña para que se encargue del pago de las deudas hereditarias, nula de acuerdo con la jurisprudencia establecida en el caso de *Longpré* v. *Díaz,* 237 U. S. 512, puede ser convalidada, confirmada o reconocida, o dár-

sele vida legal por vez primera por el menor cuando éste goza de la plena capacidad que le otorga su mayoría de edad. Sólo el menor podría pedir en contra del adquirente que se declarara la nulidad de tal contrato. Sólo él podría sostener en contra del adquirente que tal contrato jamás existió de acuerdo con la ley. Pero si en vez de eso, por su espontánea voluntad, ya en su mayoría de edad, reconoce la existencia del acto y lo confirma tal confirmación es todo lo que se necesita para que el acto nulo quede convertido en válido de acuerdo con lo dispuesto en los artículos 4, 1228, 1277, y 1278 del Código Civil. Véanse Tiffany on Agency, pp. 46 y 48, y el caso de *Drakeley* v. *Gregg,* 8 Wall, (U. S.) 242, 267.

"La ratificación o confirmación de un contrato hecha por la persona en cuyo nombre se hubiere celebrado por un tercero sin poderes para celebrarlo, convalida el contrato desde el momento de su celebración," resolvió el Supremo de España en sentencia de 7 de mayo de 1897, 81 J. C. 912. Y la Dirección General de los Registros de España, en resolución de 26 de julio de 1905, Anuario de 1905, p. 218, dijo que "la falta de autorización judicial en los contratos celebrados a nombre de los menores de edad, que exigen dicho requisito, queda subsanada cuando el menor interesado en el contrato, siendo mayor de edad, lo ratifica expresa o tácitamente, reconociendo su firmeza y validez."

Decidida la primera cuestión en contra de los apelantes, examinemos la segunda, esto es, veamos si los menores ratificaron o no la adjudicación.

El 7 de diciembre de 1903 los demandantes, ya mayores de edad con excepción de Modesta Carrasquillo y Martínez, y doña Carmen Martínez, viuda de Carrasquillo, otorgaron ante notario una escritura en la cual hicieron constar lo que sigue:

"*Primera.*—Reconocen la validez y eficacia de la testamentaría de don Manuel María Carrasquillo y López de Victoria, protocolada en esta notaría hoy a mi cargo, con fecha veinte y cinco de febrero de

mil ochocientos noventa y cinco, digo noventa y seis, y por lo tanto confirman y ratifican dichas operaciones testamentarias en todas sus partes, dándoles de nuevo, si necesario fuere, toda la fuerza legal por derecho requerida, así como también a las adjudicaciones hechas.

"*Segunda*—\* \* \* Renuncian en la forma más solemne de derecho a cualquiera reclamación que pudieran tener contra Juan Bertrán y Casañas, con motivo de todo lo concerniente a dichas operaciones divisorias y adjudicaciones de que se viene haciendo mérito; y se comprometen solemnemente a no hacerle en ningún tiempo reclamación alguna por tal concepto toda vez que la acreencia con que figura don Juan Bertrán en la testamentaría de que se trata, procede de deudas reconocidas como justas y legítimas por todos los interesados en ellas y además con las cantidades recibidas por cada uno de ellos, en sus respectivas hijuelas, se dan por completamente pagos y satisfechos de su haber hereditario paterno, otorgando al efecto las correspondientes cartas de pago y finiquito necesarias."

A nuestro juicio basta la simple lectura de lo que antecede para concluir que los demandantes, con la excepción indicada, por su propia voluntad, convalidaron o le dieron vida legal por vez primera a la adjudicación cuya nulidad o inexistencia pretenden que sea ahora declarada por los tribunales de justicia.

Para resolver la tercera cuestión, esto es, que en todo caso doña Carmen Martínez no convalidó la adjudicación en cuanto a los derechos que heredó de su hijo Luis, hacen falta las pruebas que se presentaron en el acto de la vista y que no se han incluído en la transcripción de los autos.

En la contestación a la demanda se alega en general que los demandantes otorgaron la escritura de 7 de diciembre de 1903 de que se deja hecho mérito. No se menciona la representación con que compareció doña Carmen Martínez. En los hechos declarados probados por la corte se dice que el heredero Luis Carrasquillo murió y le sucedió su madre Carmen Martínez, y habiendo fallecido ésta le sucedieron los demandantes Martínez Carrasquillo. Luego se consigna el hecho del otorgamiento de la repetida escritura de 3 de di-

ciembre por los "demandantes ya mayores de edad y su madre doña Carmen Martínez."

Bajo tales circunstancias también debe resolverse en contra de los apelantes la tercera y última de sus contenciones, y, en su consecuencia, confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.