EUFROSINA CIANCHINI VIUDA DE SANTIAGO, demandante y apelante, *v.* JULIO DÍAZ, SUCESORES DE CONRADO DÍAZ y ENRIQUE LANAUZE, demandados y apelados.

Núm. 7065.—*Sometido:* Febrero 12, 1937. *Resuelto:* Mayo 26, 1937.

*Manuel A. Rivera,* abogado de la apelante; *Leopoldo Tormes García,* abogado del apelado Sr. Lanauze; *E. Arjona Siaca y E. Huertas Zayas,* abogados de los otros apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un pleito sobre cobro de cánones de arrendamiento. La demanda se dirige contra Julio Díaz, contra Sucesores de Conrado Díaz y contra Enrique Lanauze. En ella se alega que la demandante arrendó a los demandados Julio Díaz y Enrique Lanauze una finca de trescientas diez cuerdas de terreno situada en el barrio de Cuyón de Coamo; que el contrato se hizo constar en escritura pública otorgada en mayo 30, 1929, de cuya escritura se transcriben las siguientes cláusulas:

"2a. El canon de arrendamiento de la finca será el de $1,627.50 anuales que se pagarán por trimestres adelantados en la oficina de la arrendadora en esta Villa o sea la suma de $406.87 cada día primero de mayo, agosto, noviembre y febrero de cada año."

"14a. El contrato lo efectúan los Sres. Lanauze y Díaz mancomunadamente y solidariamente y así serán responsables del cumplimiento del mismo."

Y se alega además que posteriormente al formarse la sociedad agrícola demandada Sucesores de Conrado Díaz, Julio Díaz le cedió sus derechos en el contrato, posesionándose la sociedad con el otro demandado Lanauze de la finca arrendada, recibiendo sus productos y pagando los cánones de arrendamiento durante los años 1929 y 1930; que de los cánones vencidos en febrero, mayo, agosto y noviembre de 1931, los demandados sólo pagaron la mitad quedando a deber $1,017.18; que tampoco pagaron los trimestres correspondientes a mayo, agosto y noviembre, 1932, montantes a $1,237.79, siendo el total importe de su deuda a la fecha de la demanda enmendada, diciembre 14, 1932, $2,237.79, que los demandados—que siguen en el disfrute de la finca—no han pagado en todo ni en parte.

Se pide sentencia condenando a los demandados a pagar solidariamente a la demandante la indicada suma y los otros cánones que se vayan venciendo hasta el día en que se dicte, con intereses y costas.

El demandado Julio Díaz no contestó. Los demandados Sucesores de Conrado Díaz excepcionaron la demanda y la contestaron. Las excepciones fueron por falta de hechos, indebida acumulación de partes demandadas e indebida acumulación de acciones. Por vía de contestación negaron que Julio Díaz les hubiera cedido el arrendamiento, que se hubieran posesionado como cesionarios con el otro demandado Lanauze de la finca y que hubieran pagado los cánones del arrendamiento, alegando en contrario que "han pagado fiel y religiosamente a Julio Díaz el importe de los cánones de arrendamiento de todos los terrenos que la primera ha usado para pasto de su boyada de la colonia 'Jauca', o sea, que si algún uso ha podido hacer la demandada de la finca descrita en el hecho segundo de la demanda lo ha hecho por contrato directo e independiente de subarriendo con Julio Díaz, pero nunca haciéndose cesionaria de los derechos de éste en el contrato original de arrendamiento con la demandante, ni quedando subrogada en lo más mínimo con sus obligaciones.''

El demandado Lanauce contestó admitiendo que el contrato de arrendamiento se celebró en la forma indicada en la demanda, pero alegando como defensa que fué modificado expresamente "en el sentido de que la responsabilidad del mismo, y especialmente lo que se refiere a la obligación del pago del canon de arrendamiento no sería mancomunada y solidariamente entre Don Julio Díaz y Don Enrique Lanauze; por el contrario que este demandado pagaría y sería responsable nada más que de seiscientos cuarenta dollars 52 centavos anualmente, así como que este demandado pagaría directamente a la demandante por cada trimestre adelantado de dicho canon de arrendamiento el importe de $160.13 y en esa forma ha sido observado dicho contrato por este demandado compareciente, pagando por cada trimestre a la demandante como canon de dicho arrendamiento la suma de $160.13.''

Alega, además, que estuvo pagando sus $160.13 trimestrales a la demandante hasta que se negó a recibirlos, debién-

dole sólo $480.39 que está dispuesto a pagar de los cuales depositó en la corte $320.26 al contestar la primitiva demanda, acompañando con su nueva contestación el resto.

Fué el pleito a juicio. Practicóse una larga prueba documental y testifical, dictando la corte su sentencia en marzo 28, 1934. Por ella declaró la demanda sin lugar en cuanto a Sucesores de Conrado Díaz con costas al demandante, con lugar en cuanto a Enrique Lanauze ''en tanto en cuanto se refiere a la parte proporcional de los cánones de arrendamiento adeudados por este demandado y que han sido consignados trimestralmente en la secretaría de esta corte'', sin especial condenación de costas, y con lugar en cuanto a Julio Díaz sin especial condenación de costas por estar en rebeldía.

Señala la apelante en su alegato cinco errores. El primero carece a nuestro juicio de importancia. Se refiere a la no admisión de cierta demanda enmendada que la demandante presentó para conformar las alegaciones con la prueba y que contiene algunos particulares que en verdad no aparecen comprobados en el juicio.

Por los otros cuatro errores se presenta la totalidad del problema envuelto que resulta complicado especialmente porque la relación entre la demandante y Sucesores de Conrado Díaz nunca llegó a fijarse con precisión por escrito y hay que deducirla a virtud de diferentes circunstancias y manifestaciones que surgen de varias fuentes que emanan de encontrados intereses.

En nuestro estudio trataremos primero de examinar la evidencia en cuanto a las relaciones de la demandante con los demandados Díaz y Sucesores de Conrado Díaz, luego en cuanto a las relaciones de la demandante con el demandado Lanauze, y, por último, en cuanto a la manera cómo los demandados Díaz y Lanauze se obligaron en un principio y resultan obligados finalmente entre sí y para con la demandante.

Conocemos las conclusiones de la corte de distrito a virtud de los pronunciamientos que contiene su sentencia. Ésta se

basa en una relación del caso y opinión en la cual en substancia dice la corte que no considera probado que Díaz cediera el arrendamiento a Sucesores de Conrado Díaz ni que éstos se posesionaran de toda la finca arrendada con Lanauze y que estima probado que el primitivo contrato de arrendamiento se modificó tal como alega el demandado Lanauze en su contestación.

No hay cuestión sobre la identidad de la finca. Tampoco sobre la existencia del contrato de arrendamiento celebrado entre Díaz y Lanauze de una parte y la demandante de otra, Consta dicho contrato en la escritura pública Núm. 67, otorgada en mayo 30, 1929 en Coamo ante el notario Manuel A. Rivera.

La demandante dueña de por vida del usufructo sobre la finca, la dió en arrendamiento a los demandados Enrique Lanauze y Julio Díaz para que la usaran y disfrutaran para pastos por siete años a partir del 1°. de mayo de 1929, por $1,627.50 anuales pagaderos por trimestres adelantados, siendo la obligación de pago mancomunada y solidaria por parte de los arrendatarios.

En el documento Díaz y Lanauze comparecen por su propio derecho. No se hace la más leve referencia a los demandados Sucesores de Conrado Díaz. A este respecto precisa considerar la prueba testifical.

Declarando Manuel A. Rivera, el notario y además el abogado de la demandante en este pleito, se expresó así:

''El 30 de mayo de 1929 fuí llamado a la oficina de doña Eufrosina Cianchini, como notario, para otorgar un contrato de arrendamiento entre don Enrique Lanauze, la sucesión de don Conrado Díaz y doña Eufrosina. Cuando estuve tomando las notas para otorgar la escritura, las cláusulas, más o menos, eran idénticas a otro contrato que vencía el mismo día, y entonces don Enrique Lanauze y Sucesión de Conrado Díaz iban a seguir desde el mismo día en adelante bajo las mismas condiciones. Don Julio Díaz entonces actuaba como albacea de la sucesión de Conrado Díaz. Después de yo tomar las notas y todos los detalles, encontré que había dos niñas menores de edad, de las Díaz Rivera—son dos familias, Díaz Márquez y Díaz

Rivera. En la familia Díaz Rivera había dos menores de edad. Entonces creí que don Julio Díaz no podía representarlas como albacea en un contrato de arrendamiento que se iba a inscribir. Se lo hice así presente y el contrato entonces casi estuvo terminado porque doña Antonia Colón, como apoderada de doña Eufrosina Cianchini, no estaba conforme en hacer un contrato en esas condiciones. Díaz tenía un gran empeño en la finca porque estaban en período de seca y no podía sacar de allí la boyada. Entonces él dijo, 'El contrato se puede hacer a mi nombre. Yo represento a la sucesión, pero que se haga a mi nombre.' Y por eso el contrato se hizo como entre Julio Díaz y Enrique Lanauze; pero el contrato obraba entre Julio Díaz y la sucesión de Conrado Díaz. Después, algún tiempo después, como seis, siete meses después, hacia diciembre del veintinueve, se formó la sociedad Sucesores de Conrado Díaz, con todos los bienes inmuebles y todo lo que pertenecía a la Colonia Jauca, y todos los derechos de la Colonia Jauca ingresaron en la sociedad.''

Antonia Colón de Santini, apoderada de la demandante, dijo, refiriéndose al demandado Díaz:

''Cuando él me fué a mí a hablar para el arrendamiento fué como representante de la sucesión de José Conrado Díaz. Cuando se fué a firmar el contrato de arrendamiento, el abogado me advirtió, y también a don Julio Díaz, como representante de Sucesión de José Conrado Díaz, y a Enrique Lanauze, de que no se podía hacer a nombre de Sucesión de José Conrado Díaz porque había unos menores de un hijo natural, y que el contrato de arrendamiento necesitaba la autorización judicial por esos menores y esos menores no entraban en la sociedad porque ya tenían los términos convenidos de la sociedad y estos menores no iban a entrar; y, por lo tanto, el contrato de arrendamiento no se podía hacer a nombre de Sucesión de José Conrado Díaz. El señor don Julio Díaz entonces manifestó que como ellos tenían gran necesidad de pasto para la boyada de la colonia de sucesión de José Conrado Díaz, en vista de esa necesidad, me dijo, 'Ponga el contrato a nombre mío, que tan pronto se termine la testamentaría y la sociedad que vamos a constituir, la sociedad civil, entonces yo pasaré o cederé los derechos del contrato de arrendamiento a Sucesores de José Conrado Díaz.' ''

Y parte de la declaración del demandado Julio Díaz, hijo de Conrado Díaz y miembro por tanto de su sucesión y luego

socio de los demandados Sucesores de Conrado Díaz, es como sigue:

"Rivera: ¿Usted alguna vez durante todo el mes de mayo concurrió a la oficina de doña Eufrosina Cianchini?—Testigo: Sí, señor.—¿Con quién?—Con don Enrique Lanauze.—¿Qué se trató allí?—Del arrendamiento de una finca.—¿De qué finca?—De la finca esa Cuyón.—¿Para quién era el contrato?—. . .—Yo fuí a arrendar la parte que ya nosotros teníamos.—Yo le pregunto ahora: ¿Usted no recuerda que aquel día el contrato usted quería que se hiciera a nombre de Sucesión de Conrado Díaz, y cuando yo fuí llamado le dije a usted que había una hermana suya, Ana Leonor Díaz, que todavía era menor de edad y que no había sido emancipada todavía y que no se podía hacer el contrato?—. . .—Bueno, yo sabía que no se podía hacer el contrato de arrendamiento a nombre de la sucesión porque no tenía poder para hacerlo, porque después de mí había once más, y entonces fué que se hizo el contrato a mi favor.—. . .—Voy a explicar: yo tuve la intención de traspasar el contrato de arrendamiento a la sucesión de José Conrado Díaz, pero siempre se opusieron porque entendieron que lo que yo me había comprometido a pagar había sido un precio muy alto por los terrenos aquellos y ese negocio les perjudicaba a ellos, y no quisieron hacerse cargo del contrato.— Juez: No nos ha dicho usted qué conferencias tuvo con el señor Rivera, que fué la pregunta.—Rivera: ¿Qué conferencias tuvo usted conmigo?—Pues yo hablaba con él y le decía que yo pensaba pasar el contrato a nombre de Sucesores de José Conrado Díaz; pero ellos siempre se oponían y nunca se pudo realizar.—¿No es verdad, a pesar de eso, que usted distintas veces me dió la orden para hacer la escritura de cesión del contrato a Sucesores de Conrado Díaz?— . . .—Testigo: Estoy declarando la verdad. Yo estaba haciendo gestiones para el traspaso ese y le dije a usted que podía hacer el contrato; pero como yo no podía forzarlos a ellos, pues no se pudo hacer."

A virtud de esa evidencia, por el hecho cierto de que la boyada de Sucesores de Conrado Díaz siguió alimentándose en los pastos de la finca de la demandante tal como lo venía haciendo antes de acuerdo con contratos celebrados por Conrado Díaz y por haberse pagado los cánones del arrendamiento pactado en mayo 30, 1929, que se hicieron efectivos, con dinero de la cuenta de refacción de Sucesores de Conrado

Díaz con la Central Aguirre, según resulta de la prueba, el juzgador se convence de que en realidad de verdad el demandado Díaz actuó para beneficio de la Sucesión de Conrado Díaz y de que Sucesores de Conrado Díaz siguieron aprovechándose de la finca para pastar sus bueyes, pero ese convencimiento no es suficiente para declarar celebrado un contrato con una entidad de la que formaban parte menores y con una sociedad que en sus cláusulas de constitución, como demuestra la evidencia, exigía para contratar a su nombre determinadas condiciones que no se cumplieron.

Siendo ello así, estimamos que la corte sentenciadora actuó correctamente al absolver de la demanda a Sucesores de Conrado Díaz en tanto en cuanto a la responsabilidad que se les exigía como cesionaria de Julio Díaz, pero creemos que el pronunciamiento debió ser sin especial condenación de costas dadas las circunstancias que en el caso concurren.

■ Hay aún otra cuestión en relación con Sucesores de Conrado Díaz. Conocemos lo alegado en su contestación, a saber, ''que si algún uso han podido hacer de la finca . . . lo han hecho por contrato directo e independiente de subarriendo con Julio Díaz.''

La apelante llama la atención hacia ello en su alegato y se refiere al artículo 1442 del Código Civil, ed. 1930, que dispone que ''el subarrendatario queda también obligado para con el arrendador por el importe del precio convenido en el subarriendo que se halle debiendo al tiempo del requerimiento, considerando no hechos los pagos adelantados, a no haberlos verificado con arreglo a la costumbre.''

Pero al propio tiempo que así procede, insiste en que su ''teoría no es la del subarriendo, sino que Julio Díaz obró como mandatario de la Sucesión de Conrado Díaz, y esta Sucesión y la Sociedad Sucesores de Conrado Díaz era y es una sola cosa'', y en que actúa ''para que se vea la contradicción de la corte inferior, acumulando defectos sobre nuestra evidencia, atribuyéndonos la falta de prueba en cuanto al

subarriendo, cuando esto debió ser un fundamento más para declarar con lugar nuestra reclamación contra Sucesores de Conrado Díaz.''

Bajo esas circunstancias, y además no constando en los autos las condiciones del subarriendo ni que se hubiera hecho a los subarrendatarios el requerimiento de ley, no hay base para una consideración seria de la cuestión que es una que debemos reconocer que quizá bien presentada y esclarecida hubiera podido tener influencia en la decisión del litigio en cuanto a la fijación de la responsabilidad de los demandados Sucesores de Conrado Díaz.

█ Veamos ahora si puede o no subsistir la sentencia en la forma en que fué dictada contra el demandado Lanauze.

Dice la corte sentenciadora en su relación del caso y opinión:

"Toda la prueba demuestra que con anterioridad al contrato de arrendamiento de la demandante a los demandados Julio Díaz y Enrique Lanauze la totalidad de la finca estaba arrendada a Don Julio Benvenutti de quien era subarrendatario de la finca en 122 cuerdas Enrique Lanauze y que al hacerse el nuevo contrato de arrendamiento por la demandante a Julio Díaz y a Enrique Lanauze, al vencer el anterior, Enrique Lanauze continuó en la posesión y disfrute de las mencionadas 122 cuerdas de la totalidad de la finca, sin intervención alguna en el resto de la finca y pagando a la demandante el canon de $640.52 anuales, los que pagó siempre directamente a la demandante, a razón de $160.13 trimestralmente, y que el resto del canon de arrendamiento siempre fué pagado directamente por el otro demandado Julio Díaz o por personas a su nombre, sin que la demandante hiciera oposición alguna y por el contrario siempre aceptó esta modificación en el contrato en cuanto al pago de los cánones de arrendamiento. Toda la prueba documental de la demandante demuestra esto y la corte es de opinión que estos actos coetáneos y posteriores y también los anteriores al contrato, demuestran que la verdadera intención de las partes contratantes fué la de que cada uno de los arrendatarios Julio Díaz y Enrique Lanauze pagarían por el importe de los cánones del arrendamiento que les correspondía de acuerdo con la parte de la finca que cada uno poseía y disfrutaba y que no obstante el principio hecho constar en el contrato de que

ambos serían responsables solidariamente de dichos cánones, dicha cláusula del contrato nunca fué puesta en vigor y exigido su cumplimiento por la demandante. En el caso de *Torres* v. *Lothrop, Luce & Co., et al.,* 16 D.P.R. 180, se resolvió que un contrato original de hipoteca había quedado modificado por convenio de las partes y que de acuerdo con sus declaraciones y actuaciones éstas envolvían una modificación del contrato original. (Págs. 188 a 189.)

"La corte es de opinión que se ha probado a su satisfacción, que la intención de los contratantes en este caso fué que cada uno de los arrendatarios respondería y pagaría por la parte de la finca que ocupaba, y siendo así, la intención resulta completamente contraria a las palabras contenidas en el contrato y que por lo tanto, es aplicable el segundo párrafo del art. 1248 del C. Civil, supra, preceptivo de que si las palabras parecieran contrarias a la intención evidente de los contratantes prevalecerá ésta sobre aquéllas. *Roig* v. *Landráu,* 31 D.P.R. 423."

Aunque en verdad será dura la sentencia que se dicte para Lanauze, creemos que el contrato que firmara es tan claro y terminante que no puede hacerse otra cosa. Que entre él y Díaz se dividieron la finca arrendada a su conveniencia y que la arrendadora admitiera pagos fraccionados de uno y otro que unidos formaban la totalidad del canon, son circunstancias demostrativas de lo que en realidad ocurría en el disfrute actual de la finca por parte de los arrendatarios, pero que no pueden considerarse como modificativas del contrato celebrado con la arrendadora hecho constar en escritura pública, contentivo de la cláusula de la responsabilidad mancomunada y solidaria de los arrendatarios.

Además Lanauze no puede llamarse a engaño. La transcripción contiene copias de las repetidas cartas que la demandante le dirigiera sobre la base de la solidaridad de su obligación con Díaz al atrasarse Díaz en lo que acostumbraba pagar. Nada objetó Lanauze. Al contrario, consciente de su responsabilidad, gestionó cerca de la Central Aguirre para que el contrato se cumpliera en su totalidad. Algo se hizo, pero llegó un momento en que Díaz faltó por completo y ahora Díaz y él son responsables en la forma en que pactaron, esto es, mancomunada y solidariamente. No hubo novación.

El caso de *Roig* v. *Landráu*, 31 D.P.R. 420 que invoca la corte sentenciadora, es muy distinto. Allí la intención de las partes contratantes "expresada en forma algo vaga o ambigua en el documento" quedó revelada por el relato que hizo el propio demandado de la transacción. Aquí ya hemos consignado que lo ocurrido—división del disfrute de la finca entre los arrendatarios por su propio acuerdo y admisión del pago del canon fraccionado en dos porciones desiguales por parte de la arrendadora—es compatible con la subsistencia de la responsabilidad mancomunada y solidaria contraída por ambos arrendatarios expresamente al pactar el arriendo.

La situación que surgió en el otro caso que se cita, *Torres* v. *Lothrop, Luce & Co.*, 16 D.P.R. 180, 187, y que llevó a esta corte a considerar modificado cierto contrato en cuanto a la aplicación que debía darse a determinado dinero del deudor recibido por el acreedor, es bien distinta a la que surge de los hechos de este caso. No puede, por tanto, llegarse a la misma conclusión.

Siendo el expuesto nuestro criterio, es claro que debemos concluir también que las consignaciones que hizo Lanauze de la porción del canon que acostumbraba satisfacer directamente, aparte de que no lo fueron en el tiempo que determina la ley, no lo liberan de su entera responsabilidad para con la demandante.

*En su consecuencia la sentencia apelada debe modificarse eliminando la condena de costas a la demandante al absolver de la demanda a los demandados Sucesores de Conrado Díaz y condenando a los demandados Julio Díaz y Enrique Lanauze a pagar mancomunada y solidariamente la totalidad de la deuda y así modificada deberá entonces confirmarse.*

El Juez Asociado Señor Wolf no intervino.