Sucesores de Conrado Díaz, demandante y apelada, *v.* Eufrosina Cianchini Viuda de Santiago, demandada y apelante.

Núm. 8997.—*Sometido:* Abril 3, 1945. *Resuelto:* Julio 28, 1945.

*Manuel A. Rivera* y *Leopoldo Tormes García,* abogados de la apelante; *Erasto Arjona Siaca,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este caso es una secuela del de *Cianchini viuda de Santiago* v. *Díaz,* 51 D.P.R. 613, en el cual se trataba de un pleito sobre cobro de cánones de arrendamiento, figurando como demandante Eufrosina Cianchini viuda de Santiago y como demandados Julio Díaz, Sucesores de Conrado Díaz y Eurique Lanausse. Para asegurar la efectividad de la sentencia, en marzo del año 1932 fueron embargadas 16 yuntas de bueyes como de la propiedad de Sucesores de Conrado Díaz, pero habiéndose declarado sin lugar la demanda en cuanto a ella, dicha sociedad instó este pleito en el año

1938 contra la Sra. Cianchini en reclamación de los daños y perjuicios que alega haber sufrido con motivo del embargo.

En su contestación la demandada impugna la existencia de la sociedad demandante.

La corte inferior resolvió que la demandada en el presente caso estaba impedida (*estopped*) de negar la existencia de la demandante porque en el caso de *Cianchini viuda de Santiago* v. *Díaz,* supra, la demandó y le embargó bienes como suyos, y en el presente caso, a pesar de negar su existencia legal, la contrademandó, de ese modo, a juicio de la corte inferior, reconociendo su personalidad. Penetrando luego en los méritos del caso, dictó sentencia declarando con lugar la demanda y sin lugar la contrademanda.

Dada la índole de la cuestión levantada por la demandada apelante, precisa resolver, en primer término, si erró la corte inferior al llegar a esa conclusión.

Para probar su personalidad la demandante en este caso presentó en evidencia la escritura de 5 de diciembre de 1929 otorgada ante el notario Manuel A. Rivera, abogado de la Sra. Cianchini en éste y en el caso anterior. Por esa escritura los hijos y la viuda de Conrado Díaz constituyeron una sociedad agrícola a la cual aportaron cierto ganado y sus respectivos condominios en una finca radicada en el barrio Jauca de Santa Isabel. Se convino que la duración de la sociedad sería de diez años.

A los efectos de controvertir esa evidencia, la demandada presentó evidencia tendente a probar que, no obstante la constitución de esa sociedad, los demandantes la habían dejado sin efecto por la realización de actos inconsistentes con la existencia de la misma. A ese fin presentó la demandada la siguiente evidencia documental:

1. Escritura de 5 de diciembre de 1929 ante el notario José Tous Soto, otorgada el mismo día, pero horas después, a la de constitución de sociedad. En esta escritura los hijos

y la viuda de Conrado Díaz, protestando ser dueños de la finca, celebraron contrato de refacción y molienda e hipoteca sobre la finca a favor de Central Aguirre, sin que para nada interviniera en dichas transacciones la sociedad constituída aquel mismo día, a pesar de que de acuerdo con la referida escritura social, incumbía a la sociedad la explotación de la finca;[1]

2. Certificación del Registrador de la Propiedad de Ponce de la cual resulta que por escritura de 23 de mayo de 1930 ante el notario Miguel Marcos Morales, Julio Díaz constituyó hipoteca a favor del Crédito y Ahorro Ponceño sobre su participación indivisa en la citada finca;

3. Certificación del Registrador de la Propiedad de Ponce de la cual resulta que por escritura de 26 de febrero de 1931 ante el notario Fernando Zapater, Calixto Díaz, quien figura como socio en la escritura de 5 de diciembre de 1929 ante el notario Manuel A. Rivera, constituyó una segunda hipoteca a favor de Moscoso Hno. & Co. sobre el condominio que aseguró le correspondía en la citada finca;

4. Escritura de 27 de agosto de 1931 ante el notario José Tous Soto por la cual los miembros de la alegada sociedad individualmente y como dueños de la finca en común proindiviso, la hipotecaron a favor de la Central Aguirre Sugar Co.;

5. Escritura de 18 de diciembre de 1932 ante el notario Fernando Zapater por la cual las mismas personas, sin mencionar siquiera a la sociedad denominada Sucesores de Con-

---

[1]En la cláusula "G" del séptimo párrafo de la escritura de sociedad agrícola de 5 de diciembre de 1929 se convino lo siguiente:

"Los administradores y apoderados aquí designados quedan plenamente facultados y autorizados para suscribir *en nombre de la sociedad y usando de la firma social* cualquier contrato de molienda de cañas, de refacción o de *garantías hipotecarias* con la Central Aguirre Sugar Co. o con cualquier otra compañía subsidiaria con el fin de impulsar el cultivo y negocios de la sociedad, pero no podrá cambiar en totalidad el cultivo de la caña, *ni vender bienes inmuebles* de la sociedad sin una autorización expresa de la mayoría de los doce socios contratantes." (Subrayado nuestro.)

rado Díaz, vendieron a Luce & Co., S. en C., la finca de su propiedad incluyendo las plantaciones de caña existentes en la misma, etc.;

6. Dos certificaciones acreditativas de que Sucesores de Conrado Díaz no figuró como contribuyente por concepto de contribución sobre ingresos durante los años 1932–33; y

7. Dos certificaciones acreditativas de que Sucesores de Conrado Díaz no aparecía como contribuyente para fines de la contribución sobre la propiedad en el municipio de Santa Isabel durante los años 1931–32 y 1932–33.

En adición a esta evidencia se presentó el testimonio de Juan García, contable de la Central Aguirre, quien declaró que en los libros de dicha Central la cuenta de refacción relacionada con esta finca aparecía a nombre de ''Sucn. J. C. Díaz'' o ''Sucn. José C. Díaz'', excepto la liquidación correspondiente al mes de marzo de 1932 que aparecía a nombre de ''Sucrs. J. C. Díaz''.

Esta prueba demuestra concluyentemente que si bien se constituyó una sociedad por la escritura de 5 de diciembre de 1929 ante el notario Manuel A. Rivera, esa sociedad nunca actuó como tal, siendo repudiada desde el mismo día de su constitución por los actos de sus supuestos socios incompatibles con la existencia de la sociedad. La declaración que hacemos sobre la inexistencia de la sociedad no debe entenderse como que pueda afectar a un tercero que, conociendo el contrato de sociedad y no teniendo conocimiento de estos actos a que hemos hecho referencia, hubiera contratado con ella en la creencia de que existía tal sociedad.

Pasemos a considerar ahora si erró el juez de la corte inferior al resolver que en el presente caso la demandada está impedida (*estopped*) por sus propios actos de impugnar la personalidad de la demandante.

Es verdad que en la demanda presentada en 4 de marzo de 1932 en el pleito de *Cianchini viuda de Santiago* v. *Díaz,* se hizo figurar como demandada a Sucesores de Conrado

Díaz y se embargaron los bueyes como propiedad de dicha demandada. Ello se debió, como declaró el abogado de la demandante Sr. Manuel A. Rivera, en que ante él mismo, como notario, se había constituído la supuesta sociedad tres años antes por un término de diez años y naturalmente creía que la sociedad existía para aquella fecha. Ningún perjuicio se causó a Sucesores de Conrado Díaz por haberlos demandado bajo ese nombre ni ninguna ventaja obtuvo la entonces demandante Sra. Cianchini con haberlos nombrado así.([2])

En lo que respecta a la contrademanda en el presente pleito tampoco puede alegarse el estoppel, pues la contrademandante no podía preveer que la corte inferior sostuviese su defensa de falta de personalidad legal por parte de la demandante como en efecto no la sostuvo; y en previsión de esa eventualidad presentó la contrademanda. De todos modos, si su defensa de falta de capacidad hubiese prosperado, en ese caso su contrademanda hubiese fracasado, pues no hubiera sido posible dictar una sentencia contra una entidad inexistente.

*Procede, por lo expuesto, revocar la sentencia apelada y en su lugar dictar otra declarando sin lugar la demanda con costas a la demandante.*

El Juez Presidente Sr. Travieso no intervino.

---

([2])Desde luego, no estamos resolviendo que no se causaron perjuicios con motivo del embargo, pues esa es una cuestión que no hemos considerado en esta opinión.