FERNANDO y JUSTO RUIZ CALLEJA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 784.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Mayo 20, 1930.

L. *López de Victoria,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En sus méritos, este recurso envuelve la suficiencia de una escritura de partición para transferir el título en un caso en que se trataba de menores y en que se hizo una adjudicación en pago de deudas. Existe, sin embargo, una cuestión preliminar. Esos menores trataron de enajenar bienes pasándosles nominalmente a virtud de la escritura. El Registrador de San Germán, en septiembre de 1929, se negó a inscribir por el justificable motivo de que la finca que se pretendía enajenar no figuraba a nombre de los alegados cedentes. Estos presentaron entonces una escritura de partición otorgada en 1909, tendente a transferir dicho título. A la

ameritada escritura de partición de por sí se le había negado anteriormente inscripción en agosto de 1929, y no se apeló de la decisión del registrador. Este sostiene, aparentemente, que los recurrentes no pueden escudar su título o el origen de éste en una escritura cuya inscripción ha sido denegada, habiéndose consentido la negativa.

Empero, la escritura que tenemos ante nos agrega un elemento que no estuvo ante el registrador cuando negó la inscripción de la escritura original de partición. El elemento adicional es una alegada confirmación y ratificación hecha por las partes principalmente interesadas, a saber, los menores actualmente mayores de edad que fueron afectados por la aludida partición. Bajo estas circunstancias la conjunción de las dos escrituras presenta un estado de hecho que no estuvo anteriormente ante el registrador y la situación total no es una consentida.

Tócanos entonces examinar el caso en sus méritos y ver primeramente la naturaleza de la escritura de partición. Que una escritura de esta naturaleza puede ser confirmada, aparece de nuestras opiniones en el caso de *Ledesma et al. v. Agrait,* 19 D.P.R. 567, y más especialmente de nuestras decisiones en los casos de *Vázquez v. Santalís et al.,* 26 D. P.R. 677; *Carrasquillo et al. v. Bertrán et al.,* 26 D.P.R. 582; *Díaz et al. v. Balseiro & Giorgetti et al.,* 27 D.P.R. 141, confirmada por la Corte de Circuito de Apelaciones bajo el título de *Llenza et al. v. Balseiro & Giorgetti,* 285 Fed. 132, citando con aprobación del caso de *Vázquez v. Santalís, supra.* Muchas de estas decisiones hicieron distinción del caso de *Longpré v. Díaz,* 237 U. S. 512.

Todos los casos citados, a excepción del de *Ledesma v. Agrait,* demuestran que los menores, al llegar a su mayoridad, pueden confirmar o ratificar una escritura de partición en que se hace una adjudicación en pago de deudas. Según se dijo en el caso de *Carrasquillo v. Bertrán, supra,* donde estaba envuelta una escritura de partición, tal enajenación

"puede ser convalidada, confirmada o reconocida, o dársele vida legal por vez primera por el menor cuando éste goza de la plena capacidad que le otorga su mayoría de edad".

En este caso en particular aparece igualmente de la escritura de partición que los menores eran las únicas personas que podían reclamar el título, y aun si las adjudicaciones hechas a otras personas fueran enteramente nulas, sin embargo, los cedentes, que han dejado de ser menores de edad, están completamente impedidos de reclamar el título.

Debe notarse que en todos o casi todos los casos en que se impugnaron las adjudicaciones hechas en pago de deudas, la propiedad envuelta fué traspasada a otras personas distintas a los menores mismos. En el presente caso, los bienes de cuya inscripción se trata fueron adjudicados directamente a los menores, no a un tercero.

*Debe revocarse la nota recurrida y efectuarse la inscripción.*