Patricio Caraballo Flores, demandante y recurrente, *v.* Sixto Martínez Ribot, demandado y recurrido.

*Número:* R-68-71     *Resuelto:* 3 de enero de 1969

*Eugenio Sánchez Ruiz,* abogado del recurrente; *Eudaldo Báez Galib,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El recurrente Patricio Caraballo Flores, siendo menor de edad, adquirió en pleno dominio en 30 de marzo de 1965, una casa y solar radicados en el Barrio Sábalos, sitio conocido por "Los Manantiales" de Mayagüez. En 14 de junio de 1965, su padre dio en arrendamiento la indicada propiedad para uso comercial al recurrido Sixto Martínez Ribot, por un término de 23 meses a vencer el día 14 de junio de 1967 y por un canon de $25.00 mensuales. El recurrente arribó a su mayoría de edad el día 15 de diciembre de 1966.

En 17 de mayo de 1967, esto es, un mes antes de vencerse el contrato de arrendamiento, el recurrente notificó por carta al recurrido, su negativa a prorrogarlo.

En julio del mismo año el recurrente interpuso demanda de desahucio contra el recurrido. Contestó el demandado, alegando, entre otras defensas, que la prórroga del contrato era obligatoria para el demandante en virtud de las disposiciones de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 192). Aplicando esta ley el tribunal de instancia declaró sin lugar la demanda de desahucio.

Sostiene el recurrente que el tribunal sentenciador cometió error al resolver que la prórroga era obligatoria y al no aplicar los artículos del Código Civil referentes a los derechos y bienes de menores.

Descansa el recurrente en que de conformidad con el Art. 159 del Código Civil (31 L.P.R.A. sec. 616) [1] el contrato de arrendamiento otorgado por su padre es nulo porque el término de dicho contrato excedía del que le faltaba al recurrente para cumplir su mayoridad. Sostiene además que estas disposiciones del Código Civil prevalecen sobre la Ley de Alquileres Razonables.

El tribunal resolvió que se aplicaba la Ley de Alquileres Razonables por ser una ley especial de interés público. [2]

Entendemos que, aunque por un fundamento distinto, el tribunal de instancia resolvió correctamente.

---

[1] Dicho artículo dispone:

"§ 616. Enajenación o gravamen de los bienes, prohibidos

"El ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la sala del Tribunal Superior del lugar en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales.

"No obstante lo dispuesto en el párrafo anterior, no será necesaria la autorización judicial para la venta de frutos de una finca rústica, en su última cosecha.

"Para otorgar contratos de arrendamiento de bienes inmuebles, inclusos los de refacción agrícola y molienda de cañas autorizados por las secs. 164 a 180 del Título 5, por un término mayor de seis años, será también indispensable la autorización requerida en el párrafo anterior; pero en ningún caso el arrendamiento o contrato podrá efectuarse, ni la autorización concederse, para el arrendamiento por un período de tiempo que exceda del que falte al menor, no incapacitado por otra causa, para cumplir su mayoridad."

[2] La Sec. 192 de la Ley de Alquileres Razonables, dispone:

"§ 192. Prórroga obligatoria del contrato de arrendamiento.—

Llegado el día del vencimiento pactado en el contrato de arrendamiento de una propiedad de alquiler, aunque cambie el propietario éste se prorrogará obligatoriamente para el propietario y potestativamente para el inquilino sin alteración de ninguna de sus cláusulas todas las cuales se reputarán vigentes. La anterior es aplicable tanto en contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, sec. 4092 del Título 31."

■ No hay duda alguna de que el padre del recurrente no podía dar en arrendamiento ni con la autorización del Tribunal Superior, la finca de su hijo por un período mayor que aquél que faltaba al menor para llegar a la mayoridad. Sin embargo, cuando éste cumplió los 21 años de edad, lejos de repudiar el contrato de arrendamiento por el período aún no vencido, lo aceptó y continuó cobrando el canon de arrendamiento.(3) El recurrente admite en su alegato que al cumplir los 21 años de edad, respetó el contrato hecho por su padre. La propia carta escrita por el recurrente al recurrido informándole sobre el vencimiento del contrato y negándole la prórroga, evidencia su ratificación implícita de dicho contrato. Reconoció pues su firmeza y validez. Aunque anulable en cuanto al exceso del período del contrato, su ratificación por el recurrente quedó probada. Dicho contrato no adolecía de tal nulidad absoluta que impidiera su ratificación. *Carrasquillo* v. *Beltrán*, 26 D.P.R. 582 (1918); *Ruiz* v. *Registrador*, 40 D.P.R. 933 (1930); *Oxios* v. *Registrador*, 39 D.P.R. 447 (1929). Véase además, *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494, 504 (1961). De hecho continuó en vigor hasta la fecha de su vencimiento.

■ Siendo esto así, la prórroga era obligatoria para el recurrente conforme lo dispone la Ley de Alquileres Razonables, independientemente de si esta ley prevalece o no, por ser una ley especial, sobre el Código Civil. Como el recurrente no alegó o probó alguna de las excepciones establecidas en el Art. 12-A de la Ley de Alquileres Razonables para negar la prórroga, la acción de desahucio era improcedente.

*Debe confirmarse la sentencia dictada por el Tribunal Superior, Sala de Mayagüez.*

---

(3) Aunque el recurrente no elevó a este Tribunal la transcripción de la evidencia, hay unos exhibits, entre ellos, recibos por el canon de arrendamiento aparentemente firmados por el recurrente.