Antonia Santos Green, demandante y recurrente (R-69-199), demandante y recurrida (R-69-215), *v.* Guillermo Cruz, demandado y recurrido (R-69-199), demandado y recurrente (R-69-215).

*Números:* R-69-199,     *Resueltos:* 28 de mayo de 1971
R-69-215

*R. Elfren Bernier,* abogado de la demandante-recurrente y recurrida; *Víctor Domíguez Correa Pimentel,* abogado del demandado-recurrido y recurrente.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Es nulo el contrato de arrendamiento de bienes raíces (finca rústica) perteneciente a menores y a su madre viuda cuando siendo su término un período de cinco años prorrogable por cuatro años más, no se obtuvo previamente la autorización del Tribunal Superior. Es un poseedor de mala fe el supuesto arrendatario bajo tal contrato nulo.

Según aparece de las conclusiones del tribunal de instancia, los hechos del caso son los siguientes:

(1) La demandante-recurrente Antonia Santos Green y sus tres hijos menores son dueños de una finca de 26 cuerdas en el barrio Las Cuevas, de Trujillo Alto.

(2) En 24 de enero de 1966 la referida señora compareció al tribunal de instancia para solicitar autorización judicial para arrendar dicha finca a Guillermo Cruz por un término de cinco años a razón de $600 anuales el primer año y $800 durante los años subsiguientes siendo dicho término prorrogable por cuatro años más sin que se especifique que esa opción es exclusiva de los arrendadores. El tribunal de instancia dejó de aprobar o desaprobar dicho contrato. El defensor judicial de los menores se opuso a dicha aprobación.

(3) En 30 de marzo de 1967 Antonia Santos Green por sí y en nombre de sus hijos menores radicó demanda en el Tribunal Superior en que alegó que el demandado Guillermo Cruz, a pesar de que no se ha aprobado la referida solicitud de autorización judicial para arrendarle la finca en cuestión, ha ocupado dicha propiedad, ha tratado de ejercitar actos de dominio sobre la misma, ha intervenido con otros arrendatarios y con la convivencia pacífica de la demandante y sus hijos. Solicitó que el tribunal ordenase el desalojo de la finca por el demandado, que fijase el valor razonable del

uso de la propiedad por el demandado; que declarase a éste poseedor de mala fe y decretase la accesión sin pago a favor de la demandante de cualquier estructura o plantación erigida o sembrada por él y lo condenase a compensar los daños que con motivo de la ocupación ilegal de los actos perturbadores de la paz de los demandantes le ha causado a éstos.

En su contestación a la demanda de 12 de julio de 1967, negó Guillermo Cruz algunos hechos, aceptó que la solicitud de autorización judicial aún no había sido aprobada, que posee la finca en arrendamiento mediante contrato celebrado hacía un año antes con Antonia Santos Green, que ha realizado mejoras en la finca e invertido en ella unos $6,000 y contrademandó por los daños que ésta le ha causado al entorpecerle el uso y disfrute de la finca, los que ascienden a $50,000.

(4) De hecho el contrato existía y funcionó entre las partes desde como un año antes del 24 de enero de 1966.

(5) ". . . el informe pericial no contradicho establece que esa finca al 1967, considerando su valor, es una inversión que debería producir una renta anual de $17,640.00. Lo que quiere decir que para el 1966 la renta que debería producir era de más de $15,000.00. Naturalmente esta conclusión descansa más que nada en la renta de la propiedad, de establecerse las obras o mejoras o la inversión necesaria en dicha finca, sin venderla, o vendiéndola para obtener ese beneficio."

(6) ". . . en el contrato no se separaron los intereses de doña Santos Green sobre los cuales ella tenía absoluto derecho de disponer de los intereses de los hijos menores sobre los cuales, sus prerrogativas estaban limitadas por ley."

". . . Aunque el contrato se dice que es por 5 años prorrogable por cuatro años más y que por tal razón no es un contrato prohibido ya que sólo cuando el contrato de arrendamiento es por más de 6 años es que se requiere autorización judicial, el Tribunal entiende que, en este caso, lo que hay

es un contrato de arrendamiento por 9 años fraccionado en dos períodos, uno de 5 años y otro de 4 años. No se trata de dos contratos, sino de un solo contrato. De la faz del contrato surge que terminado el período de cinco años, si el arrendatario ha cumplido los demás términos y condiciones del mismo, automáticamente surge el derecho de éste de solicitar y obtener la extensión de 4 años más. No media, para la extensión, consideración alguna nueva, y lo que hay es una continuación del contrato anterior. Lo que hay es un mero fraccionamiento del contrato, no un nuevo contrato. No pueden las partes soslayar la prohibición del Art. 1438 del Código Civil mediante el fácil mecanismo de fraccionar el período prohibido en dos períodos no prohibidos, cuando el contrato es el mismo a través de los dos períodos."

(7) "Así, considerando que el interés de ella en la propiedad es de 13.832% y que lo invertido y perdido por el Sr. Guillermo Cruz como consecuencia de los actos que en su capacidad personal, en cuanto a su interés personal en la propiedad concierne fue de $14,000.00, el Tribunal ordena una reparación de $1,936.48 que deberá pagar la Sra. Antonia Santos Green al Sr. Guillermo Cruz por concepto de su participación en los daños o pérdida sufrida por el Sr. Cruz, o sea, 13.832% del monto de la pérdida. El tribunal es del criterio que la inmunidad por mor de la incapacidad de los menores sólo debe ser a favor de éstos pero no debe eximir a la madre de la responsabilidad de ella en cuanto a sus actos."

El tribunal de instancia dictó sentencia (8) ". . . declarando que el contrato entre la Sra. Santos Green y el demandante, el Sr. Cruz, es nulo en cuanto a los menores pero válido en cuanto a ella concierne" y ordenando que (9) ". . . la Sra. Santos Green compense en la suma de $1,936.48 al Sr. Guillermo Cruz como la participación de ella en los daños sufridos. Asímismo, el Tribunal determina que el demandante, Sr. Cruz, podrá retirar aquellas estructuras que se puedan remover sin detrimento del inmueble y que

él construyera durante la alegada vigencia del contrato. Existiendo un contrato de arrendamiento válido entre ella y el Sr. Cruz, no es justo declarar pago alguno a los menores por la privación de su derecho. En todo caso, apurando el legalismo, la obligación para los menores sería de parte de doña Santos Green ya que la privación, fue provocada por ella."

Apunta la recurrente, Antonia Santos Green, que el tribunal de instancia incidió:

(a) al no hacer determinaciones de hecho sobre los distintos asuntos sometidos a su consideración;

(b) al dejar de aprobar o desaprobar la solicitud de autorización judicial;

(c) al dejar de resolver las acciones de daños y perjuicios y de accesión que le fueron planteadas y que fueron objeto de prueba;

(d) al resolver que dicha recurrente quería rechazar el referido contrato, el cual no existía por estar pendiente de aprobación judicial;

(e) al determinar que un contrato nulo puede resultar obligatorio para una de las partes;

(f) al darle eficacia a un contrato pendiente de la aprobación judicial requerida por ley;

(g) al resolver, a pesar del testimonio de varios testigos, que Cruz no intentó cobrar canon a los inquilinos de las casas de la finca;

(h) al resolver que el arrendamiento por $800 anuales constituía una ventaja para los menores cuando al testimonio pericial no contradicho fue al efecto de que dicha renta debía ser $17,640 anuales;

(i) al no condenar a Guillermo Cruz a pagar a los menores $1,420 mensuales por el uso de la propiedad luego de anulado el contrato;

(j) al determinar que Cruz puede retirar de la finca

arrendada aquellas estructuras que se puedan remover sin deterioro del inmueble.

En apoyo de su recurso de revisión Guillermo Cruz apunta que el tribunal de instancia incidió al declarar que el contrato de arrendamiento era absolutamente nulo, cuando de acuerdo con *Caraballo* v. *Martínez Ribot*, 96 D.P.R. 812 (1969), el contrato en este caso es válido por un término que no exceda de seis años; al concluir que Antonia Santos Green sólo le responde del 13.832% de los $14,000 de daños sufridos cuando debe responder de la totalidad por ser la única responsable de los mismos; al no concluir que la Sra. Santos debe abstenerse de intervenir con Cruz en su explotación de la finca.

Se admitió como prueba, sin objeción, un informe de valoración de la finca en cuestión de 25 de septiembre de 1967 que fija su valor en $294,000 y que la renta anual de la misma, sobre la base de un 6% de tal valor, debe ser la suma de $17,640.

Como ninguna de las partes ha elevado ante nos la transcripción de la prueba testimonial en este caso sólo podremos pasar sobre los apuntamientos de derecho. De ahí que no estemos en condiciones de resolver los apuntamientos basados en la alegación de daños y perjuicios de la demanda y el cobro de cánones por Guillermo Cruz. Tampoco consideraremos los apuntamientos del demandado-recurrente, Sr. Cruz, ya que no los discute en su memorándum con excepción de informar su criterio de que en *Caraballo*, supra, un contrato como el que nos ocupa, es válido en lo que no exceda del término de seis años. Basta indicar que tal norma no la sostiene *Caraballo*, supra.

(1) De acuerdo con lo dispuesto en los Arts. 150 y 1438 del Código Civil (31 L.P.R.A. secs. 616 y 4033), es indispensable la autorización de la sala del Tribunal Superior del lugar en que los bienes radiquen, previa comprobación de necesidad y conveniencia de la transacción, para otorgar con-

tratos de arrendamientos de bienes raíces de menores por un término mayor de seis años pero en ningún caso podrá el contrato efectuarse ni la autorización concederse, para un arrendamiento por un término que exceda del que falte al menor no incapacitado con otra causa, para cumplir su mayoridad.

■ Inicialmente es necesario aclarar que si bien es cierto que un contrato hecho a nombre de un menor sin haber obtenido antes la autorización judicial para tal acto, es nulo, puede ser convalidado, confirmado, reconocido o ratificado por la persona a nombre de quien se contrató al llegar éste a su mayoría de edad. Cuando un contrato es así, anulable, si se encuentra ventajoso se puede confirmar, y si no, se puede solicitar su anulación. *Caraballo* v. *Martínez Ribot*, supra; *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494, 504 (1961); *Monagas* v. *Vidal*, 170 F.2d 99 (1st Cir. 1948).

El caso de *Cruz* v. *Central Pasto Viejo, Inc.*, 44 D.P.R. 367 (1933), no está reñido con la norma previamente expuesta. Al contrario, más bien sostiene la actuación de la demandante-recurrente y sus hijos de gestionar la anulación del contrato de arrendamiento en cuestión. Véase, *Cianchini Vda. Santiago* v. *Díaz*, 51 D.P.R. 613, 619–620 (1937).

■ (2) Concluyó el tribunal de instancia que aunque el contrato de arrendamiento en cuestión no especificaba que la prórroga por cuatro años más de su término inicial de cinco años no era una opción exclusiva de los arrendadores, cumplidas por el arrendatario Guillermo Cruz las demás condiciones, tenía éste derecho a solicitar que se le concediera dicha prórroga; que dicho contrato en derecho era por un término de nueve años por lo que a los efectos de su validez había que dar cumplimiento a lo dispuesto en el Art. 1438 del Código Civil. (Véase conclusión núm. 6 anterior.)

No incidió el tribunal de instancia al así concluir. En *Van Syckel* v. *Reg. de la Propiedad*, 3 D.P.R. 10 (1899), dijimos que siendo "inscribible los contratos de arrenda-

miento por más de seis años, con mayoría de razón deben serlo también cuando por virtud de las condiciones estipuladas en el contrato, quede al arbitrio del arrendatario hacerlo durar por un término que exceda aquel período."

Si a los efectos de su inscripción el término de un contrato de arrendamiento puede exceder de seis años por virtud de la prórroga del mismo que puede exigir el arrendatario, en derecho tal contrato también es por un término de más de seis años a los efectos de requerir la previa autorización judicial cuando algún copropietario del inmueble resulta ser un menor.

■ (3) El arrendamiento en cuestión era un solo contrato con respecto a una sola propiedad. Como su término era mayor de seis años y algunos de los condueños eran menores, su validez dependía de la previa autorización judicial basada en que era útil y necesario. No habiéndose obtenido tal autorización, procedía solicitar y decretar la nulidad de dicho contrato no pudiendo subsistir el mismo en cuanto a la condueña de la finca, Antonia Santos Green, quien era mayor de edad cuando el contrato se otorgó. Dicho contrato no era divisible pues los derechos de propiedad de los condueños de la finca no lo eran ya que en derecho la poseían y eran titulares de la misma en común y proindiviso. De ser obligatorio el contrato para la condueña mayor de edad, ¿qué parte física y específica de la finca quedaba sujeta al arrendamiento? ¿de qué porción específica de la finca podía disponer dicha condueña de la cual pudiese dar posesión al arrendatario como parte de su obligación bajo el contrato en cuestión? La contestación a estas preguntas es necesariamente que dicho contrato no se podía hacer valer sobre parte alguna de la finca en cuestión.

Por otra parte, no creemos que la condueña Antonia Santos Green indebidamente indujese a Guillermo Cruz a celebrar el referido contrato de arrendamiento. Las conclusiones de hecho del tribunal de instancia demuestran que de hecho

Guillermo Cruz entró en posesión de la finca un año antes de solicitarse la autorización judicial. Admitió en su contestación tener conocimiento de tal solicitud y de que la aprobación judicial solicitada no se había obtenido. No obstante procedió a realizar mejoras en la finca y a incurrir en gastos e inversiones ascendentes a unos $14,000. Lo menos que puede decirse es que, en el supuesto de que Antonia Santos Green actuase indebidamente al negociar el arrendamiento de la finca con Guillermo Cruz en ausencia de una previa autorización judicial, en igual o mayor grado éste así mismo incurrió en una actuación igualmente indebida por el mismo fundamento, inducido, no hay duda, por los términos ventajosos del contrato para él, según se puede deducir de las conclusiones de hecho del tribunal de instancia. Estas circunstancias, en adición a lo previamente expuesto, no justifican imponer responsabilidad alguna a Antonia Santos Green por las pérdidas que Guillermo Cruz haya sufrido con motivo de la anulación del referido contrato de arrendamiento.

(4) Las circunstancias expuestas demuestran que al tomar posesión de la finca antes de obtenerse la aprobación judicial del arrendamiento en cuestión, Guillermo Cruz tenía conocimiento del vicio en su título de arrendamiento consistente en la ausencia de tal aprobación requerida por ser menores los dueños de la mayor parte de la finca que supuestamente se le arrendó. Es por lo tanto un poseedor de mala fe de dicha propiedad. (Art. 363 del Código Civil, 31 L.P.R.A. sec. 1424.) En tal virtud su derecho en relación con las mejoras que hubiere hecho en la finca y en cuanto a frutos están definidos en el Art. 304 del Código Civil, 31 L.P.R.A. sec. 1470. (Véase, Manresa, *Comentarios al Código Civil Español*, 6ta. ed., Vol. IV, con respecto a los efectos de la posesión de mala fe, en cuanto a frutos, pág. 308; en cuanto a gastos, pág. 312; en cuanto a mejoras, págs. 317–320; en cuanto a la pérdida o deterioro o gravamen de la casa, pág. 323.)

*En vista de lo expuesto, debe revocarse la sentencia dictada por el tribunal de instancia en este caso y en su lugar dictarse otra por virtud de la cual se anule el contrato de arrendamiento en cuestión, se dictamine que el recurrido-recurrente, Guillermo Cruz, es un poseedor de mala fe de la finca en cuestión, y se ordene su desalojo de dicha propiedad. Además, debe devolverse el caso al tribunal de instancia para que, a la luz de la prueba aducida, determine la responsabilidad de Cruz como tal poseedor de mala fe así como los derechos de la recurrente-recurrida resultantes de tal condición.*

El Juez Asociado, Señor Pérez Pimentel, no intervino.