Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| NAZARENO PAINTING, INC. REPRESENTADA POR SU PRESIDENTE RAYMOND PÉREZ RUIZ<br><br>Apelado<br><br>v.<br><br>ELUID ALBERT LEÓN, ELBA MORALES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelante | KLAN202300858 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Sobre: Reivindicación<br><br>Caso Número: J AC2007-0574 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Los apelantes, señor Eliud Albert León, su señora esposa, Elba Morales y la Sociedad Legal de Gananciales por ambos compuesta, comparecen ante nos para que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Ponce, el 17 de agosto de 2023, notificada el 24 de agosto de 2023. Mediante la misma, el foro *a quo* declaró *Ha Lugar* una acción civil sobre reivindicación promovida por la parte aquí apelada, Nazareno Printing, Inc.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I**

Conforme surge, el 2 de julio de 2007, la entidad apelada presentó la demanda de epígrafe. En la misma, alegó ser dueña, a pleno dominio, de un inmueble sito en el municipio de Ponce, colindante con una propiedad de los apelantes. Según sostuvo, los

apelantes, de manera intencional, movieron los puntos de colindancia establecidos, redundando ello en una confusión en los terrenos de las partes. La parte apelada calificó la conducta de los apelantes como una constitutiva de invasión y ocupación, toda vez que, conforme arguyó, estos estaban efectuando actos de dominio no autorizados en parte de su predio. Al amparo de ello, y tras sostener que sus gestiones extrajudiciales para solucionar la disputa resultaron infructuosas, solicitó al Tribunal de Primera Instancia que ordenara el deslinde de los terrenos en controversia, ello mediante la intervención de un agrimensor autorizado. Igualmente, la entidad compareciente solicitó que se requiriera a los apelantes remover toda estructura y verja erigida en su solar, así como, también, reinstalar en su lugar original las verjas que correctamente separan los inmuebles. A su vez, en su súplica, la parte apelada peticionó que se encontrara a los apelantes incursos en temeridad y, en consecuencia, que se les impusiera el pago de una suma de $3,500.00 por concepto de honorarios de abogado.

El 2 de octubre de 2007, los apelantes presentaron su *Contestación a la Demanda.* En esencia, y de manera escueta, negaron las alegaciones hechas en su contra y calificaron de frívola la demanda de epígrafe.

Así las cosas, y luego de acontecidos múltiples trámites procesales, el 14 de agosto de 2023, se celebró la vista en su fondo. Conforme se desprende de la *Sentencia* apelada, ambas partes de epígrafe estipularon cierta prueba documental y testifical. A su vez, se desprende que la parte apelada presentó el testimonio del su perito agrimensor, el señor Ángel Noel Colón Guzmán, quien declaró sobre el informe que realizó, tras estudiar los planos estipulados, inspeccionar los predios y sus colindancias, y confeccionar un plano con las conclusiones de su intervención. Por su parte, según surge de la *Sentencia* apelada, la representación legal de los apelantes no

contrainterrogó al Perito de la parte apelada, ni presentó testigos en apoyo a su teoría.

Tras entender sobre la evidencia sometida a su consideración, y luego de arrogar entera credibilidad al Perito de la parte apelada, el 24 de agosto de 2023, el Tribunal de Primera Instancia notificó la *Sentencia* que nos ocupa. Mediante su dictamen, dispuso que, según establecido, surgía que el terreno reclamado por la parte apelada era de su propiedad, todo de conformidad con los planos pertinentes y con la declaración judicial de una cesión de terreno hecha a su favor. Añadió que, de acuerdo con la prueba, y tal cual lo alegado, los apelantes, con conocimiento de que la porción de terreno por ellos invadida pertenecía a la parte apelada, movieron los linderos, construyeron verjas y edificaron el solar. Igualmente, el tribunal primario expuso que los apelantes, con conocimiento de la cesión de terreno en controversia, persistieron en negar las imputaciones de la demanda, ello a pesar de haber tenido acceso previo a los planos de los inmuebles en disputa, retrasando así, por espacio de dieciséis (16) años, la resolución del litigio de autos. Así pues, el Tribunal de Primera Instancia declaró *Ha Lugar* la demanda de autos y proveyó para el deslinde y la reivindicación de terreno peticionado, todo de conformidad con los datos de mensura contenidos en los planos confeccionados por el agrimensor Colón Guzmán. A su vez, el Juzgador dispuso que la conducta procesal de los apelantes era una constitutiva de temeridad, razón por la cual le impuso el pago de $5,000.00 a favor de la parte apelada, por concepto de honorarios de abogado.

Inconforme, el 25 de septiembre de 2023, los apelantes comparecieron ante nos mediante el presente recurso de apelación. En el mismo formulan los siguientes señalamientos:

> Erró el TPI al no tomar en consideración los informes presentados por el agrimensor Rafael Mojica Torres, fungiendo como perito del propio tribunal.

Erró el TPI al dictar una sentencia que revoca otra sentencia reivindicatoria dictada en el caso Proyecto La Molina vs. Rafael Méndez, Civil Número JAC85-1093.

Erró el TPI al imponer temeridad a Eliud Albert León, aún cuando un perito nombrado por el propio tribunal coincide con la teoría legal del demandado.

Luego de entender sobre el expediente que nos ocupa, procedemos a expresarnos.

**II**

**A**

"[L]a tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador, fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.*

De ordinario, el Tribunal de Primera Instancia es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto que es quien oye y observa declarar a los testigos. *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). En este contexto, el juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones,

manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad.

Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales*, 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793.

Por otra parte, y en vista de que toda sentencia o determinación judicial está protegida por una presunción de corrección y validez, la parte que acude al auxilio del tribunal apelativo tiene el deber de colocar a dicho foro en condiciones suficientes para que pueda conceder el remedio solicitado. *Morán v. Marti,* 165 DPR 356, 366 (2005). Por tanto, para poder atender en los méritos los argumentos de su recurso, el promovente del mismo no sólo debe discutir a cabalidad los señalamientos alegados, sino, también, acompañarlo con la prueba necesaria para demostrar el error o el abuso de discreción invocado. *Íd.* Sobre ello, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [...] cuando un peticionario señala errores dirigidos a cuestionar la apreciación de la o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que éste ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba; (2) exposición estipulada o; (3) exposición narrativa.
>
> *Pueblo v. Pérez Delgado,* 2023 TSPR 35, 211 DPR ___, pág. 16.

En ausencia de alguno de los mecanismos de prueba antes indicados, los tribunales de mayor jerarquía no pueden cumplir a cabalidad la función revisora que les asiste. *Pueblo v. Pérez Delgado,*

supra, pág. 17. Así pues, si la parte apelante no coloca al tribunal intermedio en la posición de ponderar y adjudicar los errores señalados, procede la desestimación del recurso que atiende o la confirmación del dictamen apelado. Bajo estas circunstancias y en lo aquí pertinente, en ausencia de la trascripción de la prueba testimonial, el tribunal intermedio sólo revisará la comisión de un error de derecho cuando éste claramente se desprenda del expediente apelativo. *Santos Green v. Cruz,* 100 DPR 9, 15 (1971).

**B**

Por su parte, la *temeridad* constituye aquel patrón de conducta que lleva a una de las partes a incurrir en los gastos de un litigio cuya controversia pudo haberse resuelto fuera de los tribunales y que afecta la sana administración de la justicia. *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 212 (2013). Una parte ha incurrido en temeridad cuando está presente alguna de las siguientes circunstancias: 1) contestar una demanda y negar responsabilidad total; 2) defenderse injustificadamente de la acción en su contra; 3) creer que la cantidad reclamada es exagerada y que tal sea el único motivo por el cual se opone a las alegaciones del demandante, pudiendo limitar la controversia a la fijación de la correspondiente cuantía; 4) incurrir en un litigio del cual *prima facie* se desprende su responsabilidad y; 5) negar un hecho cuya veracidad conste. *Blas v. Hosp. Guadalupe,* 146 DPR 267, 335-336 (1998).

Una vez un tribunal con competencia determina que se ha incurrido en temeridad, está llamado a imponer, a la parte que así haya actuado, el pago de cierta cantidad de dinero en concepto de *honorarios de abogado. Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 778 (2016). Al respecto, la Regla 44.1 (d) de Procedimiento

Civil, 32 LPRA Ap. V, R. 44.1 (d), en lo pertinente, dispone como sigue:

.     .     .     .     .     .     .     .

> (d) *Honorarios de Abogado* - En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.  [...].

El antedicho estatuto preceptúa en nuestro esquema procesal la intención de establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito.  *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 148-149 (2022): *Torres Montalvo v. Gobernador ELA,* supra, pág. 778, citando a *Andamios de PR v. Newport Bonding,* 179 DPR 503, 520 (2010). De ahí que, como regla general, establecida la concurrencia de tal conducta, la condena de honorarios resulta ser imperativa.  Así, el juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor, ello mediante el ejercicio de su sano juicio.  Siendo así, la determinación que en su día emita solo será objeto de revisión si ha mediado *abuso de discreción* en el ejercicio de su ministerio.  *Colón Santos v. Coop. Seg. Múlt. P.R.,* 173 DPR 170, 188 (2008).  En dicho contexto, la doctrina vigente reconoce que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

## III

En la presente causa, los apelantes aducen que el Tribunal de Primera Instancia erró al arrogar credibilidad a la prueba ofrecida por la parte apelada y, en consecuencia, al proveer para la acción reivindicatoria promovida en su contra. En particular, plantean que el foro primario incidió al descartar los informes de agrimensura provistos por el perito del tribunal, el agrimensor Rafael Mojica Torres, así como sus conclusiones en el caso. A su vez, los apelantes aducen que la sentencia apelada erróneamente dejó sin efecto el dictamen emitido en un caso anterior que adjudicó la titularidad de los predios aquí en disputa, Caso Civil Núm. JAC85-1093. Finalmente, los apelantes impugnan la determinación de temeridad emitida en su contra y, consecuentemente, la imposición del pago de honorarios de abogado resuelta. Habiendo examinado los referidos señalamientos a la luz de la norma aplicable y de los hechos establecidos, se confirma la sentencia apelada.

Los apelantes cuestionan la apreciación que de la prueba efectuó el tribunal sentenciador. Sin embargo, no sometieron ante nos copia de la transcripción de los procedimientos, de modo que nos colocaran en posición tal de poder entender sobre sus planteamientos. Por tanto, en ausencia de la trascripción oral, nuestra intervención se ciñe a atender cuestiones puramente normativas a la luz de la evidencia expresamente contenida en el expediente apelativo que atendemos.

Según se desprende del pronunciamiento apelado, el derecho de dominio de la parte apelada sobre la porción de terreno en litigio quedó establecido no solo mediante la intervención pericial del testigo Colón Guzmán y la prueba estipulada por los comparecientes. Conforme expresamente se hizo constar en las determinaciones de hechos, el mismo también se reconoció mediante la *Sentencia* emitida en el Caso Civil Núm. JAC85-1093.

Al respecto, los apelantes plantean que dicho pronunciamiento dispuso de una controversia idéntica a la de autos, que se resolvió en favor de su vendedor, por lo que, sostienen, debió haberse aplicado al caso de autos la figura de la cosa juzgada. No obstante, en estricto derecho, los criterios propios a la referida defensa no se hacen presentes en la causa que atendemos, por lo que su raciocinio es errado. A su vez, estos también aducen que, luego de emitido el antedicho dictamen, la parte apelante removió los linderos en contravención a lo allí resuelto. Sin embargo, nada en la *Sentencia* apelada respalda dicho argumento, así como, tampoco, sugiere que el mismo haya sido propuesto ante el tribunal primario. Ciertamente, ello limita el ejercicio de nuestras facultades.

De otra parte, los apelantes cuestionan el hecho de que el Tribunal de Primera Instancia arrogó entrera credibilidad al testimonio del perito Colón Guzmán, descartando, alegadamente, las apreciaciones del perito del propio tribunal. No obstante, precisa destacar que la *Sentencia* apelada no indica la intervención pericial en el caso por parte del agrimensor Mojica Torres. De ahí que, en ausencia de la transcripción de los procedimientos, nada podamos resolver sobre el planteamiento que, en cuanto a ello, se nos propone. Además, surge que, en su turno de prueba, los apelantes no ofrecieron la declaración de perito alguno, ni contrainterrogaron al Perito de la parte apelada. Por tanto, ello, unido a la ausencia de la transcripción, nos lleva a concluir que estamos impedidos de minar la credibilidad que al tribunal primario le mereció el testimonio pericial del agrimensor Colón Guzmán.

Finalmente, los apelantes impugnan la determinación por la cual se les impuso el pago de una suma de dinero por concepto de honorarios de abogado, ello tras una determinación judicial de temeridad en su contra. Sobre dicho particular, igualmente resolvemos abstenernos de imponer nuestro criterio sobre lo

dispuesto por el tribunal sentenciador. Tal cual esbozado, la determinación que sobre la temeridad de una parte en determinado pleito un tribunal emita, constituye un asunto propio a la discreción que le asiste en su tarea adjudicativa. Siendo ello así, el pronunciamiento que en su día recaiga, únicamente será revisable en caso de que haya mediado abuso de discreción en el ejercicio del ministerio judicial competente. En el caso de autos, los apelantes no demostraron que el Juzgador hubiese abusado de su discreción. Por tanto, dado a que su planteamiento carece de apoyo fáctico, estamos llamados a sostener lo resuelto por el foro primario.

En mérito de lo antes expuesto, sostenemos el dictamen apelado en toda su extensión. Toda vez la naturaleza de los señalamientos propuestos por los apelantes, se hacía meritoria la presentación de la transcripción de los procedimientos para colocarnos en posición suficiente de adjudicar las controversias planteadas. Sin embargo, en defecto de ello, y en ausencia de un error de derecho que invalide lo dispuesto por el foro *a quo,* no podemos sino abstenernos de ejercer nuestra función revisora en los términos solicitados.

**IV**

Por los fundamentos que anteceden, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones