Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **EL PUEBLO DE PUERTO RICO** Recurrido v. **RAYMOND RIVERA CRUZ** Peticionario | KLCE202401112 | **CERTIORARI** Procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce** Caso Núm.: **JSC2024G0258** Sobre: **Sustancias Controladas** |
|---|---|---|

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece ante nos Raymond Rivera Cruz, peticionario, para solicitarnos que revoquemos una determinación del Tribunal de Primera Instancia en Ponce, TPI-Ponce, emitida el 23 de septiembre de 2024. Mediante dicha determinación, el Foro Primario declaró *No Ha Lugar* una Moción del peticionario en el cual solicitaba la desestimación del caso en su contra al amparo de la Regla 64(p) de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 64(p).

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

## I.

Por hechos ocurridos el 19 de abril de 2024, el Ministerio Público presentó acusación, contra el aquí peticionario, por violación al Art. 401 de la Ley Núm. 4 del 23 de junio de 1971, conocida como la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2401 y por violación al Art. 412 de la misma Ley, 24 LPRA sec. 2412. Ello, por entender que durante la intervención se

Número Identificador
RES2024_____

encontraba en posesión de marihuana con intención de distribuirla y de parafernalia relacionada con sustancias controladas.

Por ello, los días 1 de julio y 21 de agosto de 2024 se celebró la vista preliminar del caso de autos. El Ministerio Público presentó como prueba el testimonio del Agente José M. Bracero Sepúlveda, adscrito a la División de Drogas y Narcotráfico de Yauco. Bracero Sepúlveda fue el encargado de ejecutar la Orden de Allanamiento dirigida a la residencia sita en el Barrio Alturas de Bélgica, Calle 13, #492 en Guánica y perteneciente, aparentemente, al peticionario.

Una vez determinada causa probable para acusar, y presentadas las correspondientes acusaciones, el 13 de septiembre de 2024, el aquí peticionario, presentó ante el Tribunal de Primera Instancia *Moción de Desestimación por 64-P*. En esta, adujo en resumen que, al ejecutarse la orden, la puerta estaba abierta y que se encontraban tres (3) personas trabajando en mejoras a la residencia. Añadió que, aparentemente, del testimonio emitido por el agente Bracero se desprende que la casa no poseía muebles y, por lo tanto, no se observó evidencia de que la casa estuviera habitada, tampoco se encontró evidencia delictiva a simple vista, sino que no fue hasta que entró el perro de la Policía que se detectó la evidencia en el caso de marras. A pesar de haberse encontrado bolsas de marihuana y parafernalia, argumentó que en la residencia no habían pertenencias del peticionario, ni ropas, ni identificaciones que mostraran evidencia de que éste habitaba la propiedad o que le vinculara al material delictivo incautado. Por entender que no se presentó la aludida prueba, esbozó que no existe prueba que demuestre conocimiento, dominio o control del acusado sobre el material delictivo ocupado, por lo que solicitó la desestimación de los cargos en su contra al amparo de la Regla 64(p) de Procedimiento Criminal, supra.

El 23 de septiembre de 2024, el TPI-Ponce emitió *Resolución* en la que declaró *No Ha Lugar* la *Moción de Desestimación por 64-P.* Mediante esta, el Foro Primario concluyó, luego de escuchar la regrabación de la vista, que se presentó prueba a los efectos de demostrar la conexión del acusado con la comisión de los delitos imputados. Determinó que, precisamente, la orden de allanamiento surge como resultado de las vigilancias realizadas por la policía contra el acusado, en las cuales se identificó al aquí peticionario dentro de la estructura en remodelación.

Por estar en desacuerdo con lo resuelto por el Foro Primario, el 2 de octubre de 2024, el peticionario presentó *Moción de Reconsideración.* En esta arguyó que las vigilancias y la declaración jurada que dio paso a la orden de allanamiento fueron prestadas por el Agente Luis Ortiz Fernández, quién alegadamente no declaró en la vista preliminar. Por lo tanto, planteó que nunca entró al récord ninguna gestión de vigilancia, según determinado por el mismo tribunal. De manera que, argumentó que no se probó vínculo entre el acto delictivo y el peticionario.

El 3 de octubre del mismo año, el TPI-Ponce emitió una *Orden* declarando *No Ha Lugar* la *Moción de Reconsideración.*

Inconforme con la determinación, el 15 de octubre de 2024, el peticionario compareció ante nos mediante *Certiorari.* En este, señaló que:

> Erró el Honorable Tribunal de Primera Instancia al no desestimar la acusación al amparo de la Regla 64-P de Procedimiento Criminal de Puerto Rico al no establecerse ninguna evidencia del elemento de intención específica sobre el conocimiento, posesión, control ni dominio de la sustancia controlada. Hubo ausencia de prueba.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 4 de noviembre de 2024, el Tribunal de Apelaciones le concedió término a la parte peticionaria para presentar la exposición narrativa, según solicitada. Vencido el término concedido

por este Foro, le informamos a las partes el 25 de noviembre de 2024 que adjudicaríamos el recurso sin el beneficio de la misma. No obstante, el 16 de diciembre de 2024 que el peticionario presentó una propuesta de exposición narrativa, en incumplimiento con la Regla 76.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 76.1. Con el beneficio de la comparecencia de las partes, procedemos a adjudicar con los documentos en expediente y sin exposición narrativa.

## II.

### A.    Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León,* supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez,* supra, pág. 847; *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de

atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre

que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

Finalmente, precisa señalar que le denegatoria a expedir un recurso discrecional no implica ausencia de error en el dictamen, cuya revisión se solicitó ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del Foro Apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty,* supra, pág. 98.

**B. Deferencia Judicial**

Es bien sabido, que el Foro Primario es el que tiene la oportunidad de ver y observar a los testigos y su manera de declarar, de poder apreciar sus gestos, titubeos, contradicciones, ademanes, dudas y vacilaciones, e ir formando gradualmente en su conciencia la convicción de si dicen o no la verdad. *Barreto Nieves et al. v. East Coast,* 2024 TSPR 40, 213 DPR ___ (2024); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 127 (2019); *Pueblo v. Toro Martínez,* 200 DPR 834, 857-858 (2018); *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 746 (2012)*; Pueblo v. Viruet Camacho,* 173 DPR 563, 584-585 (2008); *López v. Dr. Cañizares*, 163 DPR 119, 136 (2004); *Argüello v. Argüello,* 155 DPR 62 (2001). Consecuentemente, ***los tribunales apelativos no debemos intervenir con la apreciación de la prueba que realizan los tribunales de instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto.*** *Barreto Nieves et al. v. East Coast,* supra; *Gómez Márquez et al. v. El*

*Oriental,* 203 DPR 783, 793 (2020); *Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013); *Pueblo v. Viruet Camacho,* supra, pág. 584; *Torres González v. Zaragoza Meléndez,* supra, pág. 846; *S.L.G. Rodríguez v. Nationwide,* 156 DPR 614, 623 (2002). (Énfasis suplido).

El fundamento principal a esta deferencia es que el juzgador del Foro Primario tuvo la oportunidad de observar toda la prueba presentada, y por ende se encuentra en mejor situación que el Tribunal Apelativo para considerarla. *Argüello v. Argüello,* supra, en la pág. 78.

De esta manera, "la llamada deferencia judicial está predicada en que los jueces de las salas de instancia ***están en mejor posición para aquilatar la prueba testifical*** porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo*". Barreto Nieves et al. v. East Coast,* supra; *Pueblo v. Hernández Doble,* 210 DPR 850, 865 (2022); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 779-780 (2022) *Gómez Márquez v. El Oriental,* supra, pág. 793; *Pueblo v. Toro Martínez,* supra, 858. (Énfasis suplido). "Por lo tanto, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida, no exista base suficiente que apoye su determinación". *Santiago Ortiz v. Real et al., Inc.* 206 DPR 194, 220 (2021).

Es importante señalar que nuestro Alto Foro ha expresado que cuando se impugnen determinaciones de hechos, basados en la prueba oral, *"[e]s imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o **una exposición narrativa de la prueba". Graciani Rodríguez v. Garage Isla Verde,** supra,* en la pág. 129. (Énfasis suplido).

Cónsono con este entendido, se ha establecido que:

"cuando un peticionario señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que éste ubique al foro revisor en tiempo y espacio de lo ocurrido en el Foro Primario utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba, (2) exposición estipulada o (3) **exposición narrativa**".

*Pueblo v. Pérez Delgado*, 211 DPR 654, 671 (2023).

Así pues, sentencia nuestro más Alto Foro que "[a]nte la presunción de corrección que revisten las determinaciones del Foro Primario, quien desee impugnar las mismas deberá colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada". *Pueblo v. Pérez Delgado*, supra, pág. 674.

Ahora bien, cuando el promovente de una acción impugne determinaciones del Foro Primario que requieran la transcripción de la prueba oral, y no la provea, este Tribunal no debe intervenir. *Santos Green v. Cruz*, 100 DPR 9, 15 (1971). En estos casos, "sólo podremos pasar sobre los apuntamientos de derecho". Id.

Esto es así, ya que nuestro sistema evidenciario impone la obligación inicial o primaria de presentar evidencia a la parte que sostiene la afirmativa de la cuestión en controversia. R. Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, Segunda Edición, Ediciones Situm, 2005, pág. 148; E. L. Chiesa, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales*, Tomo II, Publicaciones J.T.S., 2005, pág. 1003.

Finalmente exponemos, que cuando esta Curia entienda que medió pasión, prejuicio o parcialidad en el dictamen que revise, podrá entonces, en cuanto a ello, intervenir, *solamente si así puede fundamentarlo*. *Gómez Márquez et al. v. El Oriental*, supra, pág. 795. Quien señale que el juzgador actuó de esta manera, debe sustentar sus alegaciones con evidencia suficiente, pues estas no deben convertirse en un instrumento para ejercer presión contra el

Tribunal de Primera Instancia. *Gómez Márquez et al. v. El Oriental,* supra, pág. 795, citando a *Dávila Nieves v. Mélendez Marín,* supra, pág. 775.

Por otro lado, cuando hacemos referencia a exposición narrativa estipulada, se entiende que es una exposición narrativa sobre la cual las partes en controversia llegaron a un acuerdo. *Egozcue v. Reyes Carasquillo,* 168 DPR 325, 334 (2006). A estos efectos, el peticionario deberá presentar un proyecto de estipulación de exposición narrativa ante el Tribunal dentro del término de treinta (30) días luego de presentado el recurso de *Certiorari.* Regla 76.1, Reglamento del Tribunal de Apelaciones. Véase, además, *Egozcue v. Reyes Carrasquillo,* supra, pág. 332.

**III.**

El peticionario presume que incidió el Foro Primario al no desestimar la acusación al amparo de la Regla 64(p) de Procedimiento Criminal, supra, tras no establecerse ninguna evidencia del elemento de intención específica sobre el conocimiento, posesión, control ni dominio de la sustancia controlada.

Surge del expediente que, por tratarse de un señalamiento de error sobre la apreciación de la prueba por el Foro Primario, a petición de parte, el peticionario debía hacer entrega de una exposición de la vista preliminar. Habiéndose presentado el recurso el 15 de octubre de 2024, este Tribunal le concedió término para presentar el proyecto de exposición narrativa. El 25 de noviembre de 2024, el Tribunal de Apelaciones emitimos una *Resolución* notificando el incumplimiento del peticionario, ratificando la continuación con los procesos de adjudicación sin el beneficio de la exposición narrativa. Así, le concedió diez (10) días al Procurador para presentar su posición sobre el recurso. Recalcamos que el término concedido por el Tribunal para la presentación de la exposición narrativa venció sin que se hiciera entrega de esta, por lo

que este Foro Apelativo procede a resolver sin el beneficio de la misma.

A pesar de que, el 16 de diciembre de 2024, sesenta y un (61) días después de presentado el *Recurso de Certiorari,* el peticionario presentó *Moción Suplicando que se Admita la Propuesta de Estipulación Narrativa de Hechos,* no podemos tomar en consideración la estipulación narrativa propuesta, ya que la misma incumple con la Regla 76.1 del Reglamento del Tribunal de Apelaciones, supra.

Habiendo evaluado el caso de autos y entendido sobre los documentos que constan en el expediente, somos del criterio de que las alegaciones del peticionario no nos mueven a entrar en la revocación de la determinación del Foro Primario. Observamos que no existe, o no se demostró que existiera, ausencia total de prueba al no rebatir la deferencia judicial que cobija al Foro Primario en la apreciación de la prueba. La parte peticionaria no nos colocó en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada. De manera que nos resulta forzoso concluir que no hubo abuso de discreción ni medió pasión, prejuicio o error en derecho alguno que justifique nuestra intervención sobre la determinación del Foro Primario.

A raíz de lo antes expuesto, *denegamos* expedir el recurso solicitado.

**IV.**

Por los fundamentos que anteceden, *se deniega* la expedición del *recurso de certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones