Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ A. FLORES GONZÁLEZ<br><br>Recurrente<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurridos | TA2025RA00204 | *Revisión Administrativa* procedente de la Administración de la Junta de Apelaciones de la CFSE<br><br>Caso Núm. JA-16-95<br><br>Sobre: Impugnación de Convocatoria |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

El recurrente, el señor José A. Flores González (en adelante, señor Flores González), comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la *Resolución* emitida por la Junta de Apelaciones para Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado, (en adelante, Junta de Apelaciones), el 24 de junio de 2025. Mediante la referida determinación, la Junta de Apelaciones declaró *No Ha Lugar* una apelación sobre impugnación de convocatoria presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se *confirma* la resolución administrativa recurrida.

**I**

El 11 de agosto de 2016, la Corporación del Fondo del Seguro del Estado, (en adelante, CFSE) presentó la Convocatoria 53-17 Gerencial para el puesto de Especialista en Pólizas de Seguros I.[1]

---

[1] Apéndice del Recurso, Anejo III.

Según surge de la referida convocatoria, un aspirante, que fuese veterano, podía reclamar una puntuación adicional en su determinación de elegibilidad, conforme a lo establecido en la Nueva Carta de Derechos del Veterano Puertorriqueño del Siglo XXI, Ley Núm. 203 de 14 de diciembre de 2007, según enmendada, 29 LPRA sec. 735 *et seq.,* (en adelante, Ley Núm. 203-2007). Por estar interesado en el puesto, ese mismo día, el señor Flores González presentó su solicitud de empleo, incluyendo la documentación requerida acreditando que era veterano.[2]

Tras evaluar las solicitudes, tres candidatos fueron certificados como elegibles, entre ellos el recurrente. Según los resultados, el señor Flores González obtuvo una puntuación de cien por ciento (100%) al adjudicársele diez (10) puntos, a razón de ser veterano,[3] mientras que, la señora Ilialnett Liciaga Arce, (en adelante, señora Liciaga Arce) obtuvo una puntuación de ochenta punto setenta y seis por ciento (80.76%).[4]

Según surge del expediente, los candidatos elegibles pasaron a una segunda etapa, la cual fue mediante entrevista oral. Culminado el proceso de evaluación, el 2 de septiembre de 2016, la oficina de recursos humanos de la CFSE le informó al recurrente que no fue seleccionado para el puesto en controversia, resultando como elegida la señora Liciaga Arce.[5]

En desacuerdo, el 29 de septiembre de 2016, el recurrente presentó una *Moción Asumiendo Representación Legal y Apelación.*[6] En el pliego, planteó que la negativa de la CFSE de extender el nombramiento al señor Flores González, fue una acción arbitraria, ilegal y motivada por razones ajenas al principio de mérito. Sostuvo que no fue considerado objetivamente para ocupar el puesto en

---

[2] *Íd.,* Anejo IV, pág. 4.
[3] *Íd.,* Anejo IV, pág. 2.
[4] *Íd.,* Anejo V, pág. 2.
[5] *Íd.,* Anejo IV, pág. 1, y Anejo V, pág. 1.
[6] *Íd.,* Anejo I, págs. 1-5.

controversia. Finalmente, planteó que se violó su derecho reconocido en el Artículo 4 inciso (f) de la Ley Núm. 203-2007, *supra*, el cual dispone dar preferencia a un veterano, en igualdad de condiciones académicas, técnicas de experiencia, en un nombramiento o concesión del ascenso. Por lo cual, solicitó que se dejara sin efecto el nombramiento otorgado a la señora Liciaga Arce.

En respuesta, el 20 de octubre de 2016, la CFSE presentó *Contestación a Apelación.*[7] En el escrito, negó categóricamente cualquier violación al principio de mérito establecido en el Reglamento de Personal para los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado, Reglamento Núm. 6226 de 6 de noviembre de 2000. Por igual, rechazó cualquier violación a la Ley Núm. 203-2007, *supra.* Como parte de sus defensas, la CFSE expresó que la autoridad nominadora tenía una amplia discreción al seleccionar cualquiera de los candidatos que fueron elegibles para el puesto. Finalmente, planteó que la candidata seleccionada para el puesto obtuvo una mejor puntuación en cuanto a experiencia laboral.

Tras varios trámites procesales, el 20 de marzo de 2025, se celebró una vista adjudicativa. A la misma, compareció y declaró como testigo el señor Flores González. La parte recurrida presentó el testimonio de la señora Sara Rosario Vázquez, Jefa de Reclutamiento de la Oficina de Recursos Humanos de la CFSE.[8] Durante la audiencia, se admitieron ocho (8) piezas de evidencia.

Luego de evaluada la prueba presentada, el 24 de junio de 2025, la Junta de Apelaciones emitió la *Resolución* recurrida, en la cual esbozó las siguientes determinaciones de hechos:[9]

1. El 11 de agosto de 2016, la Corporación del Fondo del Seguro del Estado (CFSE, Apelada o Corporación) publicó

---

[7] *Íd.*, Anejo VI, págs. 1-3.
[8] *Íd.*, Anejo II, pág. 2.
[9] *Íd.*, Anejo II, págs. 1-12.

la Convocatoria Número 53-17 Gerencial, correspondiente al puesto de *Especialistas en Pólizas de Seguro I.*

2. La convocatoria fue publicada conforme a las especificaciones de la clase.

3. El 24 de agosto de 2016, la CFSE cerró el proceso según fue dispuesto en la Convocatoria.

4. Examen inicial que realizó la CFSE fue del tipo "*Evaluación de Preparación Académica y Experiencia*".

5. La CFSE le otorgó 10 puntos al señor Flores González por razón de ser un veterano de las fuerzas armadas.

6. La CFSE promulgó el *Registro de Elegibles*, el cual quedó constituido por tres (3) personas, a saber, el señor Flores González, la señora Ilialnett Liciaga Arce y la Sra. Vanessa Ortiz Benítez.

7. Los candidatos elegibles certificados pasaron a una segunda etapa en el proceso de evaluación la cual fue conducida por el mecanismo de entrevista oral.

8. La CFSE emitió un certificado certificando a la señora Liciaga Arce como la persona que habría de ocupar la posición de *Especialista en Pólizas de Seguro I.*

La Junta de Apelaciones explicó detalladamente el proceso de reclutamiento llevado a cabo por la CFSE. Explicó que existían dos (2) fases de evaluación: la cuantitativa y la cualitativa. En la primera fase, la cuantitativa, se determinaban los candidatos elegibles, realizando una prueba inicial intitulada *Examen de Evaluación de Preparación Académica y Experiencia.* En esta se evaluaba la educación y experiencia laboral de los solicitantes, otorgando la puntuación correspondiente.

En cuanto a esta primera fase, el foro administrativo destacó que al cotejar la hoja de evaluación de convocatorias que preparó la CFSE, al momento de la evaluación correspondiente, se hizo constar que al recurrente se le otorgaron diez (10) puntos, conforme a lo establecido en la Ley Núm. 203-2007, *supra*. Sin embargo, la Junta de Apelaciones aclaró que dicha asignación no le confería al recurrente un derecho automático a su nombramiento.

Luego de haber detallado la primera parte del proceso de reclutamiento, la Junta de Apelaciones describió la segunda etapa,

la cualitativa, la cual comprendía en un examen oral o entrevista, para medir atributos tales como liderato, razonamiento, habilidad para expresarse, entre muchos. En lo que respecta a esta fase, la agencia señaló que la misma se encontraba regulada por la Sección 13.5 Reglamento Núm. 6226, *supra,* y que era el medio de evaluación mediante el cual el patrono valoraba las aptitudes del aspirante para ocupar el puesto.

En la determinación recurrida, la Junta de Apelaciones enfatizó que el recurrente no impugnó en ningún momento la fase cualitativa del proceso de selección. En específico, expresó que, aunque el recurrente objetó la concesión de los diez (10) puntos, éste no realizó manifestación alguna respecto al proceso de entrevista que formaba parte del procedimiento de reclutamiento. Por tal razón, el foro administrativo dispuso que, en la medida en que el señor Flores González no cuestionó la fase cualitativa, correspondía otorgar deferencia a la determinación recurrida. Además, destacó que el recurrente tenía el peso de la prueba para demostrar que la recomendación que se le otorgó a la autoridad nominadora luego de superar el panel de entrevista estuvo viciada o fue arbitraria.

Consecuentemente, la Junta de Apelaciones determinó que el señor Flores González no presentó prueba suficiente que derrotara la presunción de legalidad y corrección del nombramiento de la señora Liciaga Arce. Por ello, declaró *No Ha Lugar* la apelación presentada por la parte recurrente.

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 28 de agosto de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo formula los siguientes señalamientos:

> Erró la Junta de Apelaciones de la CFSE al emitir una Resolución final en el presente caso que no está basada en el expediente administrativo del mismo ni en la prueba presentada durante la vista adjudicativa.

> Erró la Junta de Apelaciones de la CFSE al no considerar en la Resolución final los planteamientos presentados por el recurrente con relación a la "Carta de Derechos del Veterano Puertorriqueño del Siglo XXI", Ley Núm. 203-2007, y el memorando especial Núm. 45-2015.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

## II

## A

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 214 DPR ___ (2024); *Voilí Voilá Corp.,* et al. v. Mun. Guaynabo, 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del

organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v.*

*USAA Fed. Savs. Bank,* supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra*,* pág. 754; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**B**

De otro lado, sabido es que "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Peña Rivera v. Pacheco Caraballo,* 213 DPR 1009, 1024 (2024); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra, pág. 770. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador, fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.,* pág. 772.

De ordinario, el foro primario es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto

que es quien oye y observa declarar a los testigos. *Peña Rivera v. Pacheco Caraballo,* supra, pág. 1025; *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). En este contexto, el juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones, manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad.

Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales,* 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793.

En ausencia de alguno de los mecanismos de prueba antes indicados, los tribunales de mayor jerarquía no pueden cumplir a cabalidad la función revisora que les asiste. *Pueblo v. Pérez Delgado,* 211 DPR 654, 671 (2023). Así pues, si la parte apelante no coloca al tribunal intermedio en la posición de ponderar y adjudicar los errores señalados, procede la desestimación del recurso que atiende o la confirmación del dictamen apelado. Bajo estas circunstancias y en lo aquí pertinente, en ausencia de la transcripción de la prueba testimonial, el tribunal intermedio sólo revisará la comisión de un error de derecho cuando este claramente se desprenda del expediente apelativo. *Santos Green v. Cruz,* 100 DPR 9, 15 (1971).

**C**

Por último, la Ley Núm. 203-2007, *supra,* dispone que el Gobierno de Puerto Rico y sus agencias deben "[d]ar preferencia a

un veterano, en igualdad de condiciones académicas, técnicas o de experiencia, en su nombramiento o concesión de ascenso para cualquier cargo, empleo u oportunidad de trabajo". Artículo 4(F)(a)(1), 29 LPRA sec. 737. En cuanto a ello, el Artículo 4(F)(a)(3), 29 LPRA sec. 737 establece como sigue:

> En aquellos casos en los cuales, como parte de un proceso de empleo, un veterano hubiere tomado cualquier prueba o examen como parte de una solicitud de ingreso, de reingreso o de ascenso, y dicho veterano hubiere obtenido, en la correspondiente prueba o examen, la puntuación mínima requerida para cualificar para el ingreso, reingreso o ascenso al correspondiente cargo, se garantiza el derecho de dicho veterano a que se le sumen diez (10) puntos o el diez por ciento (10%), lo que sea mayor, a la calificación obtenida por dicho veterano en la correspondiente prueba o examen.

Cónsono con lo anterior, y en el ámbito administrativo, la Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico, adoptó la referida norma en la *Carta Normativa Especial Núm. 1-2007; Normas que Regirán las Acciones de Personal en las que Apliquen las Áreas Esenciales al Principio de Mérito*, Reglamento Núm. 7452 de 11 de enero de 2008. La referida reglamentación dispone que "[s]i en la certificación de elegibles figura el nombre de un(a) veterano(a) y éste(a) está disponible, tendrá preferencia sobre aquellos candidatos con una puntuación igual o inferior a la de él o ella". Parte V(B)(8)(a)(12), pág. 42.

Ahora bien, en lo pertinente a la controversia ante nuestra consideración, en *Rubín Ramírez v. Trías Monge*, 111 DPR 481, 484 (1981), nuestro más Alto Foro aclaró lo siguiente:

> No puede justificarse que una persona que no ha podido obtener el mínimo requerido para cualificar para un cargo sea designado en dicho cargo por el mero hecho de ser un veterano. Una cosa es otorgarle una preferencia a un veterano que posee los requisitos mínimos para desempeñarse en un empleo y otra cosa es otorgarle una preferencia a un individuo que no posee los requisitos mínimos para darle acceso a un empleo que de otra manera no podría obtener. Existe un interés apremiante del Estado en asegurar que todas las personas que emplee tengan las cualificaciones mínimas para desempeñarse en sus tareas. Lo

razonable es que el beneficio del cinco por ciento se acredite al veterano una vez éste demuestre estar capacitado para el empleo. Es entonces que surge la preferencia que otorga la ley. De esta manera se cumple con el espíritu de la ley sin menoscabar los intereses legítimos del Estado.

**III**

En el presente recurso, el recurrente plantea que erró la Junta de Apelaciones al declarar *No Ha Lugar* una apelación sobre impugnación de convocatoria. Como primer señalamiento, sostiene que el foro administrativo erró al emitir una *Resolución* final que no está basada en el expediente administrativo.

Un examen de los documentos que nos ocupan mueve nuestro criterio a sostener la corrección de lo resuelto por el foro administrativo. Conforme surge, los argumentos del recurrente se ciñen en que la determinación recurrida no fue basada en el expediente administrativo. Sin embargo, pese a que este foro le concedió un término para la presentación de la transcripción, el recurrente no sometió ante nos copia de la misma, de modo que nos colocara en posición de poder entender sobre sus planteamientos. Por tanto, en ausencia de la transcripción de la prueba oral, nuestra intervención se limita a atender cuestiones puramente normativas a la luz de la evidencia expresamente contenida en el expediente administrativo que atendemos, tomando como correctas las determinaciones de hechos emitidas por el organismo administrativo.

Por otro lado, en su segundo señalamiento de error, el recurrente alegó que el foro administrativo no consideró en la determinación recurrida sus planteamientos con relación a la Ley Núm. 203-2007, *supra.* Como reseñamos anteriormente, se desprende que la evaluación de candidatos sobre la convocatoria en controversia se basó en dos etapas, la fase cuantitativa y la fase cualitativa. Respecto a la fase cuantitativa surge que la agencia

cumplió con el derecho de preferencia establecido en la Ley 203-2007, *supra*, al haberle otorgado los diez (10) puntos adicionales a la calificación obtenida, lo cual ubicó al recurrente en la lista de candidatos elegibles. Sin embargo, no consta en el expediente administrativo, que el recurrente haya objetado el proceso de evaluación de la fase cualitativa, ni que haya presentado evidencia que demostrara que hubo una violación a sus derechos como veterano. Según expresó el foro administrativo, al evaluar otras aptitudes en el proceso de entrevistas, la señora Liciaga Arce sobresalió en mayor medida que el recurrente, razón por la cual éste no fue seleccionado.

Tal cual expresáramos, los pronunciamientos de las agencias administrativas gozan de un amplio margen de deferencia por parte del tribunal revisor, ello dado su conocimiento especializado en la materia que regulan. En virtud de ello, gozan de una presunción de corrección y legalidad. Por tanto, ante dicho escenario, nuestra función estriba en resolver si la determinación impugnada es una razonable, a luz de la evidencia que obra en el expediente administrativo. Así pues, compete a la parte que se opone a la oponibilidad del dictamen de que trate, identificar alguna prueba en el expediente que derrote la presunción antes aludida. En el caso de autos, la parte recurrente no señala la existencia de evidencia capaz de invalidar la eficacia del pronunciamiento aquí recurrido. Los documentos que obran en el expediente que nos ocupa, sostienen la corrección de la función adjudicativa desplegada, ello a tenor con los hechos establecidos y el derecho aplicable a los mismos. Por tanto, no podemos sino sostener lo resuelto.

**IV**

Por los fundamentos que anteceden, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones