Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| BAS PROPERTIES, INC.<br><br>Recurridos<br><br>v.<br><br>MIGUEL A. ORTIZ Y OTROS<br><br>Peticionarios | TA2025CE00743 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Injunction (clásico)<br><br>Caso Núm. E PE2012-0046 |
|---|---|---|

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2026.

La parte peticionaria, Miguel A. Ortiz, comparece ante nos para que revisemos la *Resolución* emitida el 17 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el foro primario declaró *No Ha Lugar* a la defensa de falta de parte indispensable planteada por la parte peticionaria en su *Moción de Sentencia Sumaria* presentada el 20 de abril de 2023. Del mismo modo, ordenó a la parte peticionaria al pago de $5,000.00 por concepto de costas y gastos a favor de la parte recurrida, BAS Properties, Inc.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I**

El 31 de enero de 2024, este Tribunal emitió Sentencia en el caso KLCE202301129, mediante la cual devolvió el caso al Tribunal de Primera Instancia para que atendiera, entre otras controversias pendientes de adjudicación, el planteamiento de falta de parte indispensable formulado por la parte peticionaria en relación con el denominado Lote F. En cumplimiento con el referido mandato, el

Tribunal de Primera Instancia señaló vistas para ser celebradas los días 15, 16 y 17 de septiembre de 2025, con el propósito de recibir prueba y escuchar los argumentos de las partes, exclusivamente sobre el planteamiento de falta de parte indispensable.

Celebradas las vistas conforme lo ordenado, el 17 de septiembre de 2025, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa. Mediante esta, hizo las siguientes determinaciones de hechos:

a) Los lotes de BAS, MAO y el Lote F tienen dueños independientes.

b) La construcción del Lote F comenzó alrededor del 1994 y ya para el 2006 estaba todo su terreno construido.

c) El Lote de MAO no tiene inscrita en el Registro de la Propiedad servidumbre pluvial alguna, como predio sirviente ni como predio dominante.

d) Existe una larga colindancia entre el lote de BAS y el Lote F en la cual se ha edificado un muro.

e) Hay una colindancia de aproximadamente 20 pies entre el Lote F y el lote de Lote C de MAO.

f) Las aguas pluviales del Lote F no penetran hacia el lote de BAS.

g) El lote de BAS nunca ha tenido problemas sobre escorrentías pluviales del Lote F hacia su predio.

h) Existe un pequeño canal por el cual algo de escorrentía del Lote F penetra en el lote de MAO.

i) MAO nunca le ha reclamado al Lote F sobre problema alguno con el flujo pluvial del Lote F hacia su lote.

j) En la colindancia entre las tres propiedades BAS, MAO y Lote F el agua siempre se ha desviado hacia el lote de MAO.

k) En la actualidad, las escorrentías pluviales del lote F discurren por una cuneta hacia la Carr. 189.

l) El informe técnico preparado por el Dr. Segarra, a pesar de sus credenciales impecables, no goza de certeza indiscutible por dos factores: a) está basado, por su propia admisión, en planos no confiables, b) está basado únicamente en su inspección ocular del lote de MAO; y c) nunca inspeccionó el lote de BAS ni el Lote F.

m) El informe técnico preparado por el Dr. Segarra está basado en información topográfica incierta provista por

terceros que no comparecieron a las vistas ante este Tribunal.

n) El Reglamento No. 3 del 20025: Control de Escorrentías en Desarrollo de Terrenos, el cual ahora se llama Reglamento General de Planificación, que es el 6992 registrado el 24 de junio de 2005 en el Depto. de Estado por la Junta de Planificación, hoy extinta, no aplica a las construcciones desarrolladas en el Lote E de BAS ya que toda la construcción en dicho lote se llevó a cabo con anterioridad a la vigencia de dicho reglamento.

o) Las escorrentías del Lote F actualmente fluyen hacia la Carr. 189.

p) En cuanto al fluir de las escorrentías del Lote F, le resultan de credibilidad a este Tribunal los testimonios del Sr. Shaked, que coinciden con el testimonio del Dr. Segarra, que las mismas no penetran en el lote de BAS y apenas penetran en el lote de MAO. Esto es así porque es el Sr. Shaked quien ha observado el flujo de las aguas en su predio desde que adquirió el mismo allá para el 2002. La impresión de que las escorrentías del Lote F fluyen hacia otro lugar fue confirmada por el Dr. Segarra.

A partir de las referidas determinaciones, el Tribunal de Primera Instancia concluyó que no se presentó evidencia que demostrara que la adjudicación del remedio solicitado en el pleito pudiera afectar derecho alguno relacionado con el denominado Lote F. En consecuencia, resolvió que este no constituye parte indispensable en el presente litigio y, por tanto, declaró *No Ha Lugar* la defensa de falta de parte indispensable presentada por la parte peticionaria. Además, determinó que, al levantar dicha defensa sin fundamento alguno y ocupar innecesariamente los recursos de la parte recurrida, la parte peticionaria incurrió en conducta temeraria, por lo que le ordenó el pago de cinco mil dólares ($5,000.00) por concepto de costas y gastos a favor de BAS Properties, Inc.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 10 de noviembre de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo formula los siguientes planteamientos:

Erró el TPI al no determinar que BAS carece de legitimación activa conforme con los posibles daños que reclama en su Injunction y la Regla 15.1 de las de Procedimiento Civil.

Erró el TPI al no ordenar la sustitución de BAS por la parte que alegadamente sufriría el daño que se reclama en la demanda si el TPI no expide el injunction permanente.

Erró el TPI al denegar nuestra solicitud de desestimación por falta de parte indispensable conforme con lo dispuesto en la Regla 16 de las de Procedimiento Civil y por incumplir con el mandato de este Tribunal sobre determinar y concluir cuál fue la obra en el Lote F, en qué fecha se desarrolló y cuál es el efecto, si alguno, sobre los remedios solicitados en este caso.

Erró el TPI al determinar que el reclamo de MAO sobre la falta de parte indispensable fue uno temerario y por imponer una sanción sobre dicho particular en contra de MAO y a favor de BAS.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Sabido es que "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Peña Rivera v. Pacheco Caraballo,* 213 DPR 1009, 1024 (2024); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra, pág. 770. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador,

fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.,* pág. 772.

De ordinario, el Tribunal de Primera Instancia es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto que es quien oye y observa declarar a los testigos. *Peña Rivera v. Pacheco Caraballo,* supra, pág. 1025 (2024); *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). En este contexto, el juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones, manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad.

Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales*, 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793.

Por otra parte, y en vista de que toda sentencia o determinación judicial está protegida por una presunción de corrección y validez, la parte que acude al auxilio del tribunal apelativo tiene el deber de colocar a dicho foro en condiciones suficientes para que pueda conceder el remedio solicitado. *Morán v. Marti,* 165 DPR 356, 366 (2005). Por tanto, para poder atender en los méritos los argumentos de su recurso, el promovente del mismo no sólo debe discutir a cabalidad los señalamientos alegados, sino, también, acompañarlo con la prueba necesaria para demostrar el

error o el abuso de discreción invocado. *Íd.* Por ello, la Regla 19 de nuestro Reglamento dispone:

> (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba
> [...]

> Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 37, 216 DPR __ (2025).

En ausencia de alguno de los mecanismos de prueba antes indicados, los tribunales de mayor jerarquía no pueden cumplir a cabalidad la función revisora que les asiste. *Íd.* Así pues, si la parte apelante no coloca al tribunal intermedio en la posición de ponderar y adjudicar los errores señalados, procede la desestimación del recurso que atiende o la confirmación del dictamen apelado. Bajo estas circunstancias y en lo aquí pertinente, en ausencia de la transcripción de la prueba testimonial, el tribunal intermedio sólo revisará la comisión de un error de derecho cuando este claramente se desprenda del expediente apelativo. *Santos Green v. Cruz,* 100 DPR 9, 15 (1971).

**B**

Nuestro estado de derecho reconoce autoridad suficiente a los tribunales para imponer las costas y gastos que estimen necesarias, en aras de garantizar el sano empleo de los recursos propios a la maquinaria judicial. De este modo, el ordenamiento procesal civil provee para el ejercicio de dicha prerrogativa, ello a manera de un instrumento adicional al juzgador para agilizar los procedimientos, evitar las demoras y para evadir la congestión de litigios. *Pérez Torres v. Acad. Perpetuo Socorro,* 182 DPR 1016, 1027 (2011); *Lluch v. España Service Sta.,* 117 DPR 729, 748-749 (1986).

En lo aquí pertinente, la Regla 44.2 de las de Procedimiento Civil, expresamente dispone que:

> El Tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. [...] Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados (as) ingresarán al Fondo Especial de la Rama Judicial creado mediante las secs. 1482 a 1482e del Título 32, para ser utilizado de la forma y para los fines allí dispuestos.

32 LPRA Ap. V, R. 44.2.

De lo anterior surge que el Tribunal puede imponer, en ciertas circunstancias, costas interlocutorias a favor de una parte para reembolsar un gasto extraordinario innecesario en el que tuvo que incurrir a causa de la otra parte. *Pérez Torres v. Acad. Perpetuo Socorro*, supra, pág. 1027.

## C

Por último, el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 63.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste

en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

De entrada, es menester señalar que los primeros dos señalamientos de error formulados por la parte peticionaria no emanan del dictamen recurrido ni guardan relación con las vistas evidenciarias celebradas los días 15, 16 y 17 de septiembre de 2025. Se trata, más bien, de planteamientos ajenos al trámite que dio lugar a la *Resolución* emitida el 17 de septiembre de 2025 y, por ende, quedan fuera del ámbito revisor de este Foro. En consecuencia, tales señalamientos no serán atendidos.

Ahora bien, en su tercer señalamiento de error, la parte peticionaria plantea que el Tribunal de Primera Instancia erró al denegar la solicitud de desestimación por falta de parte indispensable, al amparo de la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1. En esencia, impugna las determinaciones de hecho formuladas por el foro primario y cuestiona la apreciación de la prueba que sirvió de base para el referido dictamen.

Conviene destacar que, si bien la parte peticionaria cuestiona la apreciación de la prueba realizada por el Tribunal de Primera Instancia, no sometió ante este Foro, en el término permitido, copia de la transcripción de los procedimientos celebrados los días 15, 16 y 17 de septiembre de 2025, de modo que nos colocara en posición de poder entender sobre sus planteamientos. Por tanto, en ausencia de la transcripción de la prueba oral, nuestra intervención se ciñe a atender cuestiones normativas a la luz de la evidencia expresamente contenida en el expediente apelativo que atendemos. Siendo así, y en ausencia de prueba que establezca la comisión de un error de derecho o de un abuso de discreción atribuible al Tribunal de

Primera Instancia, las determinaciones de hechos consignadas en la *Resolución* recurrida se presumen correctas.

Por último, en su cuarto señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al determinar que el reclamo relacionado con la falta de parte indispensable fue uno temerario, imponiendo una sanción económica en su contra a favor de la parte recurrida. Sin embargo, el foro de instancia no impuso una sanción en su contra, lo que impuso fue una cantidad de costas y gastos incurridos.

Según esbozado previamente, la Regla 44.2 de Procedimiento Civil, *supra*, autoriza al tribunal a imponer costas interlocutorias en cualquier etapa del procedimiento cuando una parte incurre en conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

En el caso ante nuestra consideración, el Tribunal de Primera Instancia determinó que, al levantar la defensa de falta de parte indispensable sin fundamento alguno y ocupar innecesariamente los recursos de la parte recurrida, la parte peticionaria incurrió en conducta temeraria, por lo que le ordenó el pago de cinco mil dólares ($5,000.00) por concepto de costas y gastos. Tal determinación responde al ejercicio de la facultad inherente del juzgador de hechos de velar por la tramitación diligente de los casos y de evitar dilaciones innecesarias en los procedimientos judiciales. En ese contexto, y a la luz del cuadro fáctico antes reseñado, no surge base que amerite el ejercicio de nuestra facultad discrecional para intervenir con la imposición de la sanción económica objeto de este recurso.

Por no concurrir causa alguna de las contempladas en la Regla 40 de nuestro Reglamento, *supra*, resolvemos abstenernos de imponer nuestro criterio al desplegado por el Juzgador de hechos.

## IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones